ENTERPRISE BREWING COMPANY *vs.* EMILY CANNING.

Bristol.  October 23, 1911. — November 29, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, & DeCOURCY, JJ.

*Bills and Notes.  Guaranty.*

The rule, that in the absence of any proof to the contrary the parties to a promissory note are liable on it according to the legal effect of the instrument, here was applied in a case where the guarantor of a note, when sued by the payee, contended that she was liable for only half the amount of the note because by an agreement between her and the payee at the time the note was given she and the payee were to be joint guarantors of the note for the benefit of the maker, who was her husband, but there was no evidence tending to show such an agreement.

CONTRACT against a married woman as the guarantor of a promissory note made by her husband. Writ dated July 8, 1910.

The note sued upon was dated May 11, 1909, and was for the amount of $850, payable four months after date to the order of the plaintiff. It was signed as maker by William H. Canning, the husband of the defendant. On the back of the note was the following: " For value received    hereby guarantee the payment of the within note and any renewal of same, and hereby waive protest, demand and notice of non-payment thereof. Emily Canning."

In the Superior Court the case was tried before *Hardy*, J. William H. Canning, the husband of the defendant, testified that he built a building and that the Enterprise Brewing Company, the plaintiff, helped him out in the way of a note secured from the Pocasset Bank; that the plaintiff found the money and signed the note; that the note was sometimes indorsed by his wife and the plaintiff and sometimes by the plaintiff alone; that the note for $850 was for the balance of this original note which was for $1,200 borrowed at the bank with the assistance of the plaintiff and the defendant. The defendant testified that she never had any talk with the plaintiff about signing the note, but that she knew the plaintiff signed it with her, and that the note was given to raise money at the bank for her husband.

The judge instructed the jury that if they found that there was consideration for the signing of the note, they must find for the plaintiff for the total amount of the note and interest, and that there was no evidence that the plaintiff and the defendant were joint accommodation indorsers. The defendant excepted to this instruction.

After the jury had retired they sent a written communication to the presiding judge "asking whether it would be legal to bring in a verdict for half of the $850 note," and the judge replied to them in writing that they could not do so; that they must follow his instructions. The defendant excepted to this additional instruction.

The jury returned a verdict for the plaintiff in the sum of $903.41; and the defendant alleged exceptions. Myers, mentioned in the opinion as a witness, was the treasurer of the plaintiff.

*A. S. Phillips*, for the defendant.

*J. A. Kerns*, for the plaintiff.

HAMMOND, J. "In the absence of any proof to the contrary, the parties to a promissory note are liable on it according to the legal effect of the instrument; that is to say, the maker is liable to the payee and indorsees, the payee to the indorsees, and each indorser to the subsequent indorsees. It may be proved by parol that the relation of the parties to each other is different from this; for example, that the payee or indorsee was the real principal, or that all the parties were joint principals, or some of

them joint sureties." *Sweet* v. *McAllister*, 4 Allen, 353, 354. According to this general rule the defendant is liable to the plaintiff for the whole amount unless by agreement between themselves they were joint guarantors or joint sureties, in which case the defendant would be liable to the plaintiff for only one half of that amount.

We think the evidence insufficient to show such an agreement either express or implied. The defendant testified "that she never had any talk with the plaintiff about signing the note, but that she knew the plaintiff signed it with her, and that the note was given to raise money at the bank for her husband." The evidence of Myers does not show or tend to show any such agreement. See *Sweet* v. *McAllister*, *ubi supra*. The fact that in the series of renewals, of which the note in question seems to have been the last, there was a change in the order of the indorsements or guarantees does not raise any presumption of such an agreement. Even although the defendant was a prior indorser or guarantor of some of the former notes, the change in the order is as consistent with the view that it was made as a condition of the plaintiff's consent to a renewal as with the view that it was made inadvertently or as a matter of indifference. See *Palmer* v. *Field*, 27 N. Y. Supp. 736. The maker of the note to whom if anybody such an agreement should be known, although called as a witness, says nothing of such an agreement. The ruling of the presiding judge on this matter was correct.

The defendant contends that she should not be held for costs on the ground, as she alleges, that the declaration is not in the form of an action against a co-surety, but there is nothing in this. There is no evidence that she was a co-surety.

*Exceptions overruled.*