(58 South. 825.)

No. 19,462.

NEOSHO MILLING CO. v. FARMERS' CO-OP. WAREHOUSE STOCK CO. et al.

(June 4, 1912.)

*(Syllabus by the Court.)*

EVIDENCE (§ 423*)—PAROL EVIDENCE—NATURE OF LIABILITY.

A person who indorsed a note in blank before its delivery to the payee is bound as indorser under the text of section 63 of Act No. 64 of 1904, and parol evidence is not admissible to prove that he signed the note as surety.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1957–1965; Dec. Dig. § 423.*]

Action by the Neosho Milling Company against the Farmers' Co-operative Warehouse Stock Company and J. A. Bristor. Judgment for plaintiff, and on appeal the Court of Appeal certified the case applying for instructions. First question asked answered in the affirmative, and second in the negative.

Wallace & Moss, for plaintiff. Robt. P. Hunter & Sons, for defendant Bristor.

LAND, J. The plaintiff sued the defendant company on its note for $557.35, and J. A. Bristor, as surety or guarantor. Bristor made his duly attested mark on the back of the note, before its delivery to the payee, and the parol evidence tended to show that he signed the note as surety. On the first hearing, the Court of Appeal so held, but granted a rehearing for the purpose of further considering the question whether Bristor can be deemed a surety under the provisions of Act No. 64 of 1904, relative to negotiable instruments.

Section 63 of that act reads as follows:

"A person placing his signature upon any instrument otherwise than as maker, drawer or acceptor, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

The judges of the Court of Appeal propounded the following questions for determination, to wit:

"Does the act just referred to establish a conclusive presumption that a person not a maker, drawer, or acceptor, who places his signature on a note or bill, is an indorser unless he clearly indicates by appropriate words his intention to be bound in some other capacity? Or does it merely establish a presumption to that effect, which may be rebutted by evidence of the consent and intention of the person to be bound in another capacity?"

The law deems such a person to be an indorser, unless by appropriate words he indicates an intention to be bound in some other capacity. If no such words appear between the four corners of the instrument, such a person is deemed to be an indorser. In other words, the lawmaker's intent is that the question of the capacity of a person, whose signature appears in a bill or note, is to be determined by the words of the instrument. The act of 1904 settled in this state a number of questions, on which there was a great conflict of judicial opinion throughout the states of the Union, and, among them, the status of irregular, or anomalous, indorsers of commercial paper. A person, not a party to the paper, as maker, payee, or holder, who placed his name on the back of the note at its inception, had been variously held to be an indorser, maker, surety, or guarantor. 7 Cyc. 664 et seq. In New York such person was held as an indorser; in Massachusetts, as maker; in Louisiana, as surety for the maker; and in some other states, as a joint maker to the payee. Id. The act of 1904 followed the New York rule, and the certainty, so desirable in the matter of commercial paper, would be destroyed if the capacities of the parties as they appear on the instrument could be changed by parol evidence. The rule as laid down in the act of 1904 is very plain and simple, and where the law makes no exception the court can make none.

We therefore answer the first question in the affirmative, and the second in the negative.