## Henry J. Kroll, Appellee, v. Arthur S. Hoyt, Appellant.

### Gen. No. 24,518.

BILLS AND NOTES, § 165*—*what is status of irregular indorser in blank before delivery.* Under Negotiable Instruments Act, sec. 63 (J. & A. ¶ 7702), providing that a person placing his signature upon an instrument other than as maker, drawer or acceptor, is deemed to be an indorser, unless he clearly indicates an intention to be bound in some other capacity, and section 64 (J. & A. ¶ 7703), providing that where a person not otherwise a party to an instrument places his signature thereon in blank before delivery, he is liable as indorser to the payee and all subsequent parties, provided the instrument is payable to a third person, the status of an irregular indorser in blank before delivery of the note in question was that of an indorser, and parol evidence of a contemporaneous agreement was inadmissible to show a contrary intention.

Appeal from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Reversed. Opinion filed June 10, 1919. Rehearing denied June 23, 1919.

WILLIAM R. T. EWEN, for appellant.

JOHN S. HUMMER, for appellee.

MR. PRESIDING JUSTICE MCDONALD delivered the opinion of the court.

Plaintiff, Henry J. Kroll, was the holder for value of two promissory notes executed by the Home Meat Preparing Company, a corporation, in favor of one J. E. Madden, payee, which bore the following indorsement:

"Arthur S. Hoyt
J. E. Madden."

This action was brought and a recovery had on said notes against defendant (Hoyt) as guarantor thereof.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Parol evidence was admitted, over objection of defendant, to the effect that defendant indorsed said notes in blank before delivery, at which time he verbally guaranteed their payment at maturity.

The foregoing notes were executed after the enactment of the Uniform Negotiable Instruments Act in this State, and the sole question here presented is whether defendant, who was an irregular indorser in blank before delivery, can be held to the liability of a guarantor or joint maker thereof.

Section 81 of our Negotiable Instruments Act (Hurd's Rev. St.) provides as follows:

"A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicated by appropriate words his intention to be bound in some other capacity."

Section 82 (J. & A. ¶ 7703) of said act provides, among other things, that where a person, not otherwise a party to an instrument, places his signature thereon in blank before delivery, he is liable as indorser to the payee and all subsequent parties, provided the instrument is payable to a third person.

Section 106 (J. & A. ¶ 7728) of said act provides that notice of dishonor by nonpayment must be given to an indorser, and any indorser to whom such notice is not given shall be discharged.

It is conceded that no such notice of nonpayment was given defendant.

In our opinion, by the plain language of sections 81 and 82, *supra,* of the said act, the status of an irregular indorser before delivery is therein fixed as that of an indorser, and parol evidence of a contemporaneous agreement is inadmissible to show a contrary intention. This conclusion finds support in the following authorities bearing directly upon the question here presented: *Baumeister v. Kuntz,* 53 Fla. 340, 42 So. 886; *Neosho Milling Co. v. Farmers' Co-op. Ware-*

*house Stock Co.*, 130 La. 949, 58 So. 825; *Lyons Lumber Co. v. Stewart*, 147 Ky. 653, 145 S. W. 376; *First Nat. Bank v. Bickel*, 143 Ky. 754; *McDonald v. Luckenbach*, 170 Fed. 434; *Lightner v. Roach*, 126 Md. 474, 95 Atl. 62; 8 Corpus Juris, pp. 74-79, secs. 121, 122.

In *Tucker v. Mueller*, 287 Ill. 551, our Supreme Court, in passing upon a somewhat similar state of facts—although declining to pass upon the question here presented, for the reasons therein stated—clearly indicated the construction the act in question should receive, by the following language, p. 558:

"In our judgment the provisions of our Negotiable Instruments Act, as enacted in 1907, must be held to have changed the rule announced in the previous decisions of this court that the liability of a person who indorsed a note in blank on the back, at or before the time of its delivery to the payee, was prima facie that of a guarantor, and we are of the opinion that in the light of these provisions of the act he must be held only to the liability of an indorser."

And while the following cases, *Mercantile Bank of Memphis v. Busby*, 120 Tenn. 652; *Long v. Gwin* (Ala.), 80 So. 440; *Haddock, Blanchard & Co. v. Haddock*, 192 N. Y. 499, 85 N. E. 682, are not in entire harmony with the holding here to the extent above indicated, yet in these latter cases the right to show a contrary intention of such irregular indorser was upheld only between the immediate parties, and they do not extend such right to a subsequent holder, as is the plaintiff in the case at bar.

It appearing from the notes in question that defendant placed his signature on the back thereof without any words indicating any intention to be bound other than as indorser, his status and liability were fixed as such and hence he cannot be held liable as a guarantor thereof.

Accordingly the judgment must be reversed.

*Reversed.*