D. I. GRAPES v. C. E. WILLOUGHBY.

February Term, 1919.

Present:   WATSON, C. J., POWERS, TAYLOR, and MILES, JJ., and
FISH, SUPR. J.

Opinion filed October 9, 1919.

*Bills and Notes—Negotiable Instruments Act—Indorser's Lia-
bility—Necessity of Demand, Notice, and Protest—Necessity
for Stating Position on Motion for Directed Verdict—
Ground not Raised Below not Considered.*

C. gave the plaintiff a promissory note payable at and to a certain
bank, the defendant having written his name across the back of
it before delivery.  Plaintiff wrote his name under that of the
defendant's, and received the avails of the note from the bank.
The note in suit was a renewal of the original note.  On the day
it fell due defendant paid the bank a part of it, and later in the
day plaintiff paid the balance, and immediately brought suit to
recover what he had paid.  A verdict was directed for the defend-
ant on the ground that there was no evidence tending to show
presentment, dishonor, and notice.  *Held,*
(1)   That the rights of the parties were controlled by the Negotiable
Instruments Act (G. L. Chap. 140) ;
(2)   That as to the bank the parties were indorsers (G. L. 2932, 2933),
and parol evidence was not admissible to show otherwise;
(3)   That under G. L. 2935, an indorser's engagement is to pay pro-
vided the note is seasonably presented to the maker, and he is
seasonably notified of the maker's default;
(4)   That an indorser's undertaking is conditional, and ordinarily
a demand and notice are conditions precedent to a right of action
against him (G. L. 2940, 2958), though under G. L. 2987, protest is
not necessary;
(5)   That if defendant's liability on the note was discharged for want
of presentment and notice, the subsequent payment by the plain-
tiff could not revive it;
(6)   That *prima facie* the parties were liable as indorsers of the note
in the order in which they indorsed, but parol evidence was ad-
missible, as between themselves, to show what the agreement of

indorsement was (G. L. 2937), and this, though the order of their signatures on the note renewed was reversed;

(7)   That while it was necessary for the defendant in the court below to specify the grounds on which his motion for a directed verdict was predicated, it was equally necessary for the plaintiff to specify the grounds of his opposition to it;

(8)   That the Court will not consider a ground of opposition to the motion for a directed verdict that was not raised below.

ACTION OF CONTRACT to recover upon a promissory note in-. dorsed by the defendant above the name of the plaintiff.   Plea, the general issue.   Trial by jury at the June Term, 1918, Caledonia County, *Slack*, J., presiding.   At the close of the plaintiff's evidence the Court directed a verdict for the defendant. The plaintiff excepted.   The opinion states the case.

*Cook & Norton* for the plaintiff.

*Searles & Graves* for the defendant.

POWERS, J.   B. O. Cote bought of this plaintiff a stock of merchandise, giving as part payment therefor his promissory note for $1,000 payable at and to the order of the Lyndonville National Bank at a time stated.   Before this note was delivered to the plaintiff, the defendant, Willoughby, had written his name across the back of it.   The plaintiff took the note to the bank and, having written his name across the back of it, under that of the defendant, received the avails of it by way of credit or otherwise.   This note was renewed from time to time, and the note in suit fell due on January 29, 1918.   On all these notes Cote was the primary debtor, and the parties here were only liable secondarily.   On the day the note in suit fell due, the defendant paid $500 thereon, and an indorsement showing that fact was made on the back of the note.   Later in the day, the plaintiff, being informed by the cashier of the bank that this payment had been made and that the bank would look to him for the balance, paid the amount remaining due on the note and took it up.   Still later in the day this suit was brought to recover of the defendant the amount so paid by the plaintiff.   At the trial below, a verdict was, on motion therefor, ordered for the defendant, and the plaintiff excepted.   The only ground of this motion that merits

consideration is that there was no evidence tending to show due presentment, dishonor and notice, without which there could be no recovery.

The rights of these parties are controlled by the Negotiable Instruments Act (Chapter 140 of the General Laws). As to the bank, their relation is a matter of express definition. They are indorsers (G. L. 2932, 2933), and parol evidence is not admissible to show otherwise. *Neosho Milling Co.* v. *Farmers', etc., Co.*, 130 La. 949, 58 South. 825; *Lightner* v. *Roach*, 126 Md. 474, 95 Atl. 62. An indorser's engagement is to pay, provided the paper is seasonably presented to the maker, and he is seasonably notified of the latter's default. G. L. 2935. His undertaking, then, is not absolute, but conditional; it is not primary, but secondary; and a cause of action does not accrue against him until and unless the condition of his engagement has been fulfilled, or dispensed with. Ordinarily, a demand and notice are conditions precedent to a right of action against him; and without these, no recovery can be had against him (G. L. 2940, 2958), though protest is not necessary. G. L. 2987.

Other questions aside, then, the motion for a verdict was properly granted, if, as claimed, there was no evidence of presentment and notice. *Mechanics', etc., Bank* v. *Katterjohn*, 137 Ky. 427, 125 S. W. 1071, Ann. Cas. 1912 A, 439; *Lightner* v. *Roach, supra; Gibbs* v. *Guaraglia*, 75 N. J. Law 168, 67 Atl. 81. And the subsequent payment by the plaintiff could not revive a liability once discharged. 2 Daniels, § 1224; Story, Bills, § 423; *Turner* v. *Leach*, 6 E. C. L. 556.

As between themselves, however, the rights and liabilities of these indorsers were open to explanation and proof. *Prima facie,* they were liable in the order in which they indorsed; but parol evidence was admissible to show just what the agreement was. G. L. 2937. And this is all so, though the order of their signatures on the note renewed was reversed. 8 C. J. 380; *Enterprise Brewing Co.* v. *Canning*, 210 Mass. 285, 96 N. E. 673.

When the motion for a verdict was presented in the court below, it was necessary for the defendant to specify the grounds on which it was predicated. *Castonguay* v. *Grand Trunk R. Co.*, 91 Vt. 371, 100 Atl. 908. It was equally necessary for the plaintiff to specify the grounds of his opposition to it. *Seaver* v. *Lang*, 92 Vt. 501, 104 Atl. 877. Each was bound to assist the court to an adequate understanding of the situation presented,

to the end that the ruling could be understandingly made. This was done. But in stating his objections to the motion, the plaintiff did not claim that there was evidence tending to show demand and notice, or that these formalities had been dispensed with. In response to a question asked by the court while the motion was under consideration, he expressly limited his opposition to the claim that there was evidence tending to show that the defendant was a maker, in which case, of course, demand and notice would not be required.

The record shows that this claim was unfounded. There was no evidence in the case tending to show that the defendant assumed any obligation different from that shown by the note itself and stated above.

The plaintiff now argues that the case shows that the defendant waived the necessity of demand and notice. But he did not make this point below, and under our familiar and salutary rule it will not be considered.

*Judgment affirmed.*