JOHN INGALLS *vs.* HERBERT L. MARSTON et als.

Washington.    Opinion March 10, 1922.

*Whether one be an irregular indorser under Section 64 of the Uniform Negotiable Instrument Act, Public Laws 1917, Chapter 257, or a regular indorser under Section 66 of said Act, he is entitled to have due demand made upon the maker and due notice of dishonor given to himself.*

Prior to the enactment of the Uniform Negotiable Instrument Act, Public Laws 1917, Chapter 257, the law was firmly settled in this State by judicial decision that one who signed his name on the back of a note at its inception was a joint or joint and several maker with one who signed on the face, so far as the necessity for demand and notice of nonpayment was concerned. He was not regarded as an indorser.

Under Section 63 of the Negotiable Instrument Act, however, such signer becomes an indorser unless he indicated by appropriate words his intention to be bound in some other capacity. No such intention was indicated in the present case.

On exceptions by plaintiff. This is an action of assumpsit on the first instalment of a promissory note, against Herbert L. Marston and Almeda E. Marston, who signed on the face of the note, and Howard M. Smith and Walter H. Foss, who signed on the back of the note, all signatures being made at the inception of the note and before delivery to the plaintiff as payee. The presiding Justice ruled "that the defendants, Howard M. Smith and Walter H. Foss, were indorsers; and it being conceded that the payment of the first instalment was not demanded according to the tenor of the note and notice of non-payment not being given to them, they are not liable in this action," and directed judgment for the defendants, to which ruling plaintiff excepted. Exceptions overruled.

Case is fully stated in the opinion.

*Frederick Bogue*, for plaintiff.

*O. H. Dunbar*, for defendants.

SITTING:   CORNISH, C. J., SPEAR, HANSON, PHILBROOK, WILSON, JJ.

CORNISH, C. J.   This is an action of assumpsit on the first instalment of a promissory note dated August 1, 1919, against Herbert L. Marston, Almeda E. Martson, Howard M. Smith and Walter H. Foss.   Herbert L. and Almeda E. Marston signed the note on its face.   Howard M. Smith and Walter H. Foss placed their signatures on the back of the note at its inception and before delivery to the payee, the plaintiff.   The payment of the first instalment was not demanded of the makers, Herbert L. and Almeda E. Marston, at maturity, and notice of dishonor was not given to Smith and Foss. The plaintiff seeks to maintain this action against all four on the ground that Smith and Foss were original promisors; while the defendants Smith and Foss claim to be merely indorsers and therefore free from liability because of want of demand and notice.   The presiding Justice sustained the contention of Smith and Foss and directed judgment in their favor.   The case is before the Law Court on plaintiff's exception to this ruling.

Prior to the enactment of the Uniform Negotiable Instrument Act, Public Laws 1917, Chapter 257, the law was firmly settled in this State, as it was in many others though not in all, by judicial decisions that one who signed his name on the back of a note at its inception was a joint or joint and several maker with one who signed on the face, so far as the necessity for demand and notice of nonpayment was concerned.   He was not regarded as an indorser.   *Adams* v. *Hardy,* 32 Maine, 339; *Stewart* v. *Oliver,* 110 Maine, 208.

The passage of the Negotiable Instrument Act abrogated this rule of commercial law.   This act was designed to unify the law in regard to negotiable instruments in the various States adopting it and it has been enacted by at least forty-three of the States of the Union.   In those States it has superseded all pre-existing contradictory rules. We must therefore look to the provisions of that act to determine the rights of the parties in the pending case, and we find that the issue raised here is fully covered.   When a person is deemed an indorser is clearly set forth as follows in Section 63:   "A person placing his signature upon an instrument otherwise than as a maker, drawer or acceptor, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity." Smith and Foss placed their signatures, not on the face as makers,

but on the back, that is "otherwise than as makers," and they did not indicate by any words, appropriate or otherwise, any intention to be bound in some other capacity. Therefore they come within this definition.

But the plaintiff seeks to distinguish between the liability of regular and irregular indorsers in this respect and argues that while regular indorsers are entitled to have demand made upon the maker and due notice of dishonor given to them, irregular indorsers are not só entitled. This construction would leave the legal situation the same as before the enactment of the statute, which was designed to change it, and is not borne out by the language of the statute itself.

Section 64, defining the liability of an irregular indorser reads: "When a person not otherwise a party to an instrument places thereon his signature in blank, before delivery, he is liable as an indorser, in accordance with the following rules:

(1) If the instrument is payable to the order of a third person he is liable to the payee and to all subsequent parties, etc."

In the pending case the note was made payable to the order of a third person and therefore this section applies, and these irregular indorsers were made liable to the payee Ingalls and to all subsequent parties; but liable in what capacity? As makers or joint promisors? Clearly not, but "as indorsers," as the section unequivocally provides. These words are significant. They have a well defined meaning as legal terms which cannot be ignored, and they necessarily imply, unless it is otherwise stated, the inherent elements of demand and notice of dishonor.

Section 66 prescribes the conditional liability of a general indorser and recites among other things his legal obligation in case of due presentment and dishonor. But such recital of the obligations of a general indorser in this section does not change the liability of an irregular indorser under Section 64 and deprive him of his rights and privileges "as an indorser."

In other words, whether one be an irregular indorser under Section 64 or a regular indorser under Section 66, he is entitled to have due demand made upon the maker and due notice of dishonor given to himself. The irregular indorser is no longer a joint maker or an original promisor, as he was prior to the passage of the Negotiable Instrument Act, but an indorser with all that that term implies.

The precise issue here presented has been determined by the courts of several other States, under identical provisions of the Negotiable Instrument Act, and without exception so far as has come to our attention, they sustain the conclusion reached in this case. *Rockfield* v. *First Nat. Bank of Springfield*, 77 Ohio St., 311; 14 L. R. A., N. S. 842, and note; *Bank of Montpelier* v. *Montpelier Lumber Co.*, 16 Idaho, 730; *Lightner* v. *Roach*, 126 Md., 474; *Grapes* v. *Willoughby*, 93 Vt., 458; *Deahy* v. *Choquet*, 28 R. I. 338; *Neosho Milling Co.* v. *Farmers Coop. Warehouse Stock Co.*, 130 La., 949; *Baumeister* v. *Kuntz*, 53 Fla., 340; *Williams* v. *Bank*, 143 Ky., 781; *Walker* v. *Dunham*, 135 Mo. App. 396; *Pharr* v. *Stevens*, 124 Tenn., 670; *Gibbs* v. *Guaraglia*, 75 N. J., Law, 168.

*Exceptions overruled.*