## WATERS v. ATLANTA NAT. BANK.
### (No. 2907.)

(Court of Civil Appeals of Texas. Texarkana. April 3, 1924.)

Bills and notes ☜243, 396—Signer on back of note held "indorser" within Negotiable Instruments Act; indorser held entitled to notice of nonpayment.

Under Uniform Negotiable Instruments Act, §§ 63, 64, one writing his name on back of a note before delivery was an "indorser" and entitled under Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—89, 6001—113, to notice of nonpayment at maturity.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Indorser.]

Appeal from District Court, Cass County; Hugh Carney, Judge.

Action by the Atlanta National Bank against W. D. Waters and another. Judgment for plaintiff against defendant named and for defendant named against R. W. Morgan, and defendant named appeals. Reversed and rendered.

Johnson & Waters, of New Boston, for appellant.

O'Neal & Harvey, of Atlanta, for appellee.

WILLSON, C. J. This suit was commenced in a justice's court. It was by the appellee, bank against the appellant, and was to recover the amount of a promissory note, signed by M. L. Waters and R. W. Morgan, for $105, interest, and attorney's fees, dated April 14, 1920, and payable October 15, 1920, to appellee or its order. It appears from testimony in the record that appellant became a party to the note by writing his name on the back thereof before it was delivered to appellee. It further appears that the note was for a loan made by the bank to M. L. Waters, and that both Morgan and appellant were accommodation parties. Appellee alleged, as the reason why it sued appellant alone, that M. L.

Waters was dead and that his estate was insolvent, and that R. W. Morgan was insolvent and had been adjudged to be a bankrupt. The judgment in the county court was in appellee's favor against appellant for the amount of the note, and in the latter's favor over against Morgan (made a party at appellant's instance) for one-half of the amount of the recovery against him (appellant).

Appellant insists that the liability be incurred when, without qualifying words, he signed his name on the back of the note, was that of an indorser, and that the judgment against him was not warranted, because it did not appear that he was notified, as the law required he should be (articles 6001—89, 6001—113, Vernon's Statutes, 1922 Suppl.), of the failure of the makers of the note to pay it when it matured. Appellant testified that the first and only notice he had of the default of the makers was given him by appellee February 14, 1923, which was more than two years after the default occurred. We do not understand appellee to be in the attitude of contending that it appeared that notice otherwise than as testified to by appellant was given him. Its contention is that it appeared that appellant was a maker of the note, jointly with M. L. Waters and R. W. Morgan, and liable as such.

By the rule recognized in this state before the Act March 24, 1919 (Gen. Laws, p. 190; articles 6001—1 to 6001—197, Vernon's Statutes, 1922 Suppl.), known as the "Uniform Negotiable Instruments Act," took effect, a person who signed his name on the back of a note before it was delivered to the payee, without words expressing the nature of his undertaking, was liable as a maker or surety. Brooks v. Stevens (Tex. Civ. App.) 178 S. W. 30. Unless, therefore, the rule was changed by the act referred to, appellant was not entitled to be treated as an indorser and was not released from liability on the note as, otherwise, he was (article 6001—89, Vernon's Statutes, 1922 Suppl.) by the failure of appellee to promptly give him notice of the default. Appellant insists that the rule was changed by provisions of the statute as follows:

"Sec. 63. A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity.

"Sec. 64. Where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery he is liable as indorser, in accordance with the following rules: (1) If the instrument is payable to the order of a third person, he is liable to the payee and to all subsequent parties. (2) If the instrument is payable to the order of the maker or drawer, or is payable to bearer, he

is liable to all parties subsequent to the maker or drawer. (3) If he signs for the accommodation of the payee, he is liable to all parties subsequent to the payee." Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—63, 6001—64.

It will be noted that by the plain language of the statute a person who places his name on a note otherwise than as maker is to be "deemed to be an indorser" unless he at the time indicates a contrary intention "by appropriate words," and that a person who places "his signature in blank" on a note before it is delivered is "liable as indorser"—not as maker, as he would be under the old rule. There can be no doubt, therefore, that the statute effected a change in the rule. 3 R. C. L. 1177, 1225; 8 C. J. 75, 284; Canada v. Shuttee, 210 Mo. 614, 235 S. W 824; Bank v. Mead, 216 Mass. 521, 104 N. E. 377, 52 L. R. A. (N. S.) 225; Bank v. Publishing Co., 106 S. C. 472, 91 S. E. 866; Thompson v. Curry, 79 W. Va. 771, 91 S. E. 801; Sommers & Co. v. Mercantile Co. (Minn.) 192 N. W. 492; Long v. Gwin, 202 Ala. 358, 80 South. 440; Ingalls v. Marston, 121 Me. 182, 116 Atl. 216; Whitney v. Chadsey, 216 Mich. 604, 185 N. W. 826; Case v. McKinnis, 107 Or. 223, 213 Pac. 422; Bank of Elgin v. Bach, 98 Or. 332, 193 Pac. 1041; Haddock, Blanchard & Co. v. Haddock, 192 N. Y. 499, 85 N. E. 682; 19 L. R. A. (N. S.) 136; Auto Co. v. Winters (Mo. App.) 180 S. W. 561. Appellee, as we understand it, does not controvert this, but it insists that the change effected was only to make the person who so signs his name on the note prima facie as indorser, instead of a maker or surety, and that resort could be had to parol evidence to prove that he intended to bind himself as maker, surety, or guarantor. The authorities are not in accord as to this. They are noted in 8 C. J., where, on page 80, it is said:

"Under the Negotiable Instruments Law intent is immaterial, unless indicated by the signature, and parol evidence is generally held inadmissible to show that the agreement or the intent was that the liability should be other than as indorser."

And on page 78 it is said:

"It is generally held thereunder (the Negotiable Instruments Law) that inasmuch as the statute fixes the status of the signer as that of an indorser, parol evidence is not admissible to show a contrary intention, although the contrary has been held in New York and in Tennessee, in so far as the relation between the immediate parties is concerned."

As we view the record before us, it is not necessary to determine the contention; for, if it should be held that appellee had a right to show by parol evidence that appellant intended to bind himself otherwise than as an indorser, it would not affect the dis-position which should be made of the appeal. There was no testimony adduced at the trial tending in the least to show an intention on the part of appellant to bind himself otherwise than as the law, prima facie, bound him when he placed his signature on the note. Murray v. Bank, 234 Fed. 481, 148 C. C. A. 247.

The judgment should have been in appellant's favor. It will be reversed, and judgment will be rendered here that appellee take nothing by its suit.