J. R. PRESTON *v.* MONTGOMERY WARD & COMPANY, INC.

Special Term at Rutland, November, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 6, 1942.

■■■■■■■■■■■■■

■■■■■■■■■■■■■

■■■■■■■■■■■■■

*M. G. Leary* and *M. G. Leary, Jr.*, for defendant.

*Leon D. Latham, Jr.*, for plaintiff.

STURTEVANT, J. In this action the plaintiff seeks to recover damages alleged to have resulted from the defendant's breach of warranty in a contract of sale. Trial was by court, resulting in a judgment for the plaintiff and the case is here upon the defendant's exceptions. The facts found by the court which are material to the questions raised are in substance as follows: In the spring of 1940 the plaintiff entered into a contract with the defendant for the purchase of 350 day old Red Rock chicks at least 90% pullets. The defendant warranted that the chicks to be delivered under this contract would be as specified therein. On April 7, 1941, the defendant delivered 350 chicks to the plaintiff and several weeks later when they had feathered out plaintiff discovered that they were not of the breed bought but were Rock Red chicks. A little later he also discovered that the percentage of pullets was far less than the contract called for.

The findings excepted to by the defendant are as follows:

> "When it appeared that the contract warranty had been violated the plaintiff spent a little time in efforts to induce the defendant to make an exchange or in some other way make good on the warranty. Failing to get satisfaction from the defendant he exchanged the chicks he had received from the defendant, which were a mill run as to sex, about fifty-fifty male and female, with one Leonard Poirier for the same number of chickens as he bought of the defendant and of the same breed as the defendant guaranteed to deliver to him and paid Poirier $105.00 difference. I find this sum to

be a reasonable price to be paid on said exchange for chickens of the age involved at the time of exchange. I find that the plaintiff was not dilatory in doing those things which would put him in the position he would have been in if the defendant had complied with its warranty and that no delay of his has added to the damage he has suffered in the premises.

"I therefore find that the plaintiff is entitled to recover from the defendant one hundred five dollars ($105.00) and his costs * * *."

While the defendant saved various exceptions all these, as stated in its brief, are grounded upon its contention that the court did not use the proper rule in determining the amount of damages which the plaintiff was entitled to recover.

The defendant claims that judgment should have been entered for the plaintiff in accordance with its motion in the sum of $35.00, which was the difference between the value of the chicks delivered and what would have been their value had they been as warranted as of the date of delivery.

There is no question made but that the facts with which we are here concerned are as above set forth excepting insofar as they may be inconsistent with the defendant's claim that the court did not use the proper rule in measuring the plaintiff's damages.

After the findings had been filed, the court at the defendant's request, made the following supplemental finding: "* * * the defendant's failure to deliver 350 Red Rock chicks, at least 90% pullets, constituted a breach of warranty of quality."

█ It is a self-evident fact that no matter to what degree of excellence a cockerel may possess each and all of the qualities necessary to make a good rooster, he can never be a pullet. For this reason it follows that as to sex the breach of warranty here was a failure to deliver the kind rather than the quality of chicks as warranted.

█ Since this supplemental finding is a conclusion of law based upon findings of fact previously made, as to the truth of which there is no dispute here, and is inconsistent with those findings, it is without force or effect and we disregard it. *Dieter*

v. *Scott*, 110 Vt. 376, 383, 9 Atl. 2d. 95, and authorities there cited to this proposition.

In this case the plaintiff did not and could not reasonably be expected to discover that the chicks were not of the breed and sex warranted until several weeks after they had been delivered to him. During all this time he had to feed and care for them.

The defendant in its brief calls attention to the fact that when the plaintiff was on the witness stand he was asked if the Red Rock pullet was some particular breed and he replied: ''Well, they are a large breed and an awful good breed for layers.''

The defendant argues that this evidence shows nothing by way of comparison between Red Rock chicks and Rock Red chicks and that there is no evidence tending to show that Rock Reds are not also ''a large breed, an awful good breed for layers.'' Even so, such facts would not reasonably warrant an inference that Rock Red roosters are as good layers as Red Rock pullets.

As to the defendant's contention that it had no notice that the plaintiff wanted these chicks for any special purpose, it is sufficient to note that the contract called for 350 Red Rock chicks at least 90% pullets. This was sufficient notice that the plaintiff was demanding chicks at least 90% of which when matured would be layers and not sires.

The defendant also now claims that the chicks which the plaintiff received in the exchange were about eight days older than those he purchased from the defendant and that therefore he was in a better position after this exchange than he would have been if the warranty had not been broken. The record does not show that this question was raised below and therefore we do not consider it. A trial court may not be put in error by a point not made below. *State* v. *Lindsay*, 110 Vt. 120, 123, 2 Atl. 2d. 201; *Grapes* v. *Willoughby*, 93 Vt. 458, 461, 108 Atl. 421.

P. L. Sec. 7994, VI is as follows: ''The measure of damages for breach of warranty is the loss directly and naturally resulting, in the ordinary course of events, from the breach of warranty.'' From what we have hereinbefore stated it appears that this is the proper rule to be applied in this case and was the rule which the court followed.

While the defendant has cited several cases in support of its contention, most of them deal with a breach of warranty as to quality and in none of them was it necessary for the buyer to care for and feed the subject-matter of the contract for a considerable time before it could reasonably be discovered that there had been a breach of warranty.

*Judgment affirmed.*