DAISY TURNER, ADMX., *v.* ALVA M. BRAGG ET AL.
(55 A2d 268)

May Term, 1947.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and
JEFFORDS, JJ.

Opinion Filed October 7, 1947.

*Herbert S. Avery* (of the Massachusetts Bar) for the plaintiff.

*George L. Daley* and *Barber & Barber* for the defendants.

JEFFORDS, J. This is an action of trespass brought by writ dated May 21, 1941. A hearing was had on September 25, 1946, on a plea of res adjudicata filed by the defendants. The grounds for the

plea were that the parties, causes of action and subject matter in this case are the same as in a chancery case which was finally determined in favor of the defendants as reported in 113 Vt 393, 35A2d 356.

During the hearing the defendants stated to the court that although this action was brought by Daisy Turner, administratrix of the estate of Alexander Turner, she was in fact the executrix of that estate. The plaintiff then moved to amend by "changing the plaintiff from Daisy Turner, administratrix, to that of Daisy Turner, executrix". The plaintiff then notified the court that the estate had been settled and final distribution made. The defendants thereupon moved to dismiss the action on the grounds that the plaintiff had no authority to bring or maintain the action as administratrix because she never had that title, or, as executrix because she had no further interest in the estate.

The plaintiff then moved to add certain heirs as parties plaintiff to which the defendants objected on the grounds that the original plaintiff was non-existent; that, at the time of the request to amend from the title of administratrix to that of executrix, Daisy Turner had ceased to be executrix of the estate and had no further interest therein as such, the estate having been settled and final distribution made, and that the court could not now permit the heirs to come in with, or in place of, a non-existent plaintiff.

The various motions to amend made by the plaintiff were granted. The defendants' motion to dismiss was denied and their plea of res adjudicata was overruled and the defendants were allowed an exception in each instance. The cause was passed to this Court under the provisions of P. L. § 2072.

That the plaintiff was the duly appointed, qualified, and acting representative of the estate of Alexander Turner when this action was commenced was found by inference by the court and this finding is not questioned by the defendants. This being so, no change in parties was made by the amendment first above referred to but only a different description of the original party plaintiff in respect to her representative title. The court was authorized by P. L. §§ 1578 and 1579 to allow the amendment. See also *Towne* v. *Rizzico,* 113 Vt 205, 211, 32A2d 129; *Davis* v. *Cent. Vt. Ry. Co.,* 95 Vt 180, 185, 113A 539; *Lewis et al* v. *Locke,* 41 Vt 11, 14; *Rowan* v. *Lee,* 3 J. J. Marshall, Ky, 97.

P. L. § 1581 is authority for the amendment permitting the

joining of the heirs as parties plaintiff unless the provisions are shown not to here apply. The defendants in their objections to this amendment do not question that if the plaintiff had described herself as executrix she would have been the proper person to commence this action. They based their objections, and we will assume at the request of the court, nothing to the contrary appearing in the record, on the grounds above stated.

By P. L. § 2858 it is provided, as far as here material, that when an executor or administrator is appointed and assumes the trust an action for damage to lands shall not be maintained by an heir or devisee until there is a decree of the probate court assigning such lands to such heir or devisee. Assuming that the plaintiff in her representative capacity was the proper person to commence this action, and also assuming that after the decree assigning the lands in question the heirs were necessary parties to the action, a reasonable time should have been allowed the heirs after the decree to move to become parties to the action.

The defendants apparently contend that the moment the decree assigning the lands in question became effective the right of the representative of the estate to maintain the action ceased and, as a consequence, the action had abated for lack of a party plaintiff before the motion to add the heirs, as parties plaintiff, was made. However, it would be unreasonable to conclude that the Legislature intended by P. L. 2858 to have an action abate against heirs who had been diligent in protecting their interest in pending litigation.

No claim was made here or below that an unreasonable time had elapsed between the decree and the motion to add the heirs as parties plaintiff. Nor was any question made in the brief of the defendants that the heirs be substituted for, instead of joining with, the representative of the estate as parties plaintiff.

No error has been made to appear in the granting of the above motions of the plaintiff to amend or in the denial of the defendants' motion to dismiss.

The declaration alleged trespasses on three different parcels of land. The plaintiffs moved to amend so that only trespass on the so called Wheelock parcel is alleged. This motion was granted with exceptions to the defendants which not being briefed are waived.

A former judgment is an absolute bar to a subsequent

action only where the parties, the subject matter and the causes of action are identical, or substantially so. *Fletcher* v. *Perry,* 104 Vt 229, 231, 158A 679. The defendants in their brief refer to many statements in the transcript, the pleadings, and requests for findings, etc., in the chancery case above referred to, which, they state, show that the plaintiff intended that the Wheelock property and threatened trespasses upon it should be in the case. Some of these references bear out the defendants' claim while others do not. But in any event, it is apparent that the chancery case as finally tried and decided on appeal in this Court decided nothing with reference to the Wheelock property. This is shown by the following statement in the opinion in that case appearing in 113 Vt at page 398, 35 A2d at page 360:

> "But there is no claim of threatened trespasses upon the Wheelock lot and no injunction is sought as to any acts committed thereon, and the plaintiff's position in this regard was made clear at the hearing. There is said to be an action at law pending between the present parties to recover damages alleged to have been sustained by previous cutting of timber on this property but this proceeding has nothing to do with the case before us. The southern boundary of the Wheelock lot has no perceptible bearing upon the issue here presented. The finding with regard to it and the finding that the defendants have not trespassed upon this parcel of land are clearly of matters not in issue and are immaterial".

The above quoted statements were not questioned by the defendants when the opinion was handed down nor are they referred to in their brief in the present case.

No error has been made to appear in the overruling of the plea of res adjudicata.

The defendants moved orally to reopen the evidence. This motion was denied as a matter of discretion on the grounds that the defendants had ample notice and opportunity to present their case and on the additional ground that plaintiff's counsel resided in Boston.

A few days after this ruling had been made the defendants filed a written motion to reopen the evidence. Several grounds

were stated in support of the motion which were to the effect that the defendants were not advised prior to the hearing on September 25 that the estate of Alexander Turner had been settled and final distribution made or that the plaintiff intended to move to add the heirs as parties plaintiff or substitute them for the then plaintiff. It was stated that the defendants' counsel (Mr. Daley) had been in the armed services for nearly four years while the chancery case was pending in the Supreme Court and had not had an opportunity since his return to check the files in the probate court relating to the Turner estate. That after it was stated that this estate had been settled counsel examined these files and discovered a report by the commissioners and an inventory which it was claimed would show that as there was sufficient personal property to pay the debts of the deceased the plaintiff Daisy Turner was not a proper person to commence this action.

This motion was denied as a matter of discretion with exceptions to the defendants on the ground of error as a matter of law and as an abuse of discretion.

The procedure followed in respect to these two motions was, to say the least, unusual. As far as is shown by the record the defendants did not move to strike out the ruling made on the oral motion for the purpose of stating their grounds in writing in support of the motion. On the other hand, as far as it appears, counsel for the plaintiffs made no objection to the filing of the second motion on the ground that this matter had been disposed of, or for any other reason. Under the situation as presented, we will treat the two motions as one.

The record shows that Mr. Daley was discharged from the army in June, 1946, so that he had all or nearly all of four months in which to prepare the case before the hearing in September of that year. In the chancery case the plaintiff was allowed to amend to include as plaintiffs the heirs of the deceased. The files in the probate court were open for his inspection. The defendants were the moving parties at the hearing in September, 1946. Associated with Mr. Daley were competent counsel who took part in the hearing in the chancery case before the chancellor and argued the case on appeal before this Court. All counsel for the defendants reside in Brattleboro so that Mr. Daley could easily have learned what had transpired in the case during his absence. Under these circum-

stances no abuse of discretion has been made to appear in the denial of the motion on the ground that the defendants had ample notice and opportunity to present their case.

The court in disposing of the written motion made use of a copy of the final account of the executrix of the Turner estate. The defendants claim there was error as a matter of law and an abuse of discretion in making use of this document which was not introduced in evidence and is not an exhibit in the case.

It appears that some time between September 25, 1946, and October 25, the date of the written motion to reopen the evidence, counsel for the defendants handed this paper to the court. It must be assumed that by so doing counsel intended that it be used by the court in its disposition of the case. If, as it developed, the court deemed what this instrument showed to be unfavorable rather than favorable to the defendants' contentions, the defendants have no just cause to complain. They had waived any right they may have had to insist that the document be put in the case as an exhibit. This right was not claimed by the plaintiffs so the final account was in the case by mutual consent of the parties.

Certain grounds in the brief of the defendants are advanced in support of claimed error in the ruling on the motion to reopen the evidence which we have not set forth. But as it appears from the record that the defendants stated the basis of their objections to the ruling to the court, and, we will assume, nothing to the contrary appearing, at its request, these grounds are not here considered as they were not advanced below. *Preston* v. *Montgomery Ward,* 112 Vt 295, 298, 23 A2d 534.

Several exceptions which were taken and grounds for other exceptions, not being briefed, are waived.

After the plea of res adjudicata was overruled the plaintiffs moved for a judgment in chief in their favor. This motion was denied with exceptions to the plaintiffs.

In support of their exceptions the plaintiffs say that the defendants having elected to file dilatory pleas instead of answering to the merits and having had the pleas decided against them, the plaintiffs are entitled to a judgment in chief. In support of this claim the plaintiffs cite *Cukor* v. *Cukor,* 114 Vt 456, 49 A2d 206, 168 ALR 227. The trouble with the plaintiffs' contention is that a plea of res adjudicata is not a dilatory plea but one in bar and

consequently the rule laid down in the Cukor case does not here apply. See *Cade* v. *McFarland,* 48 Vt 47; *Holbrook* v. *Quinlan,* 84 Vt 411, 80A 339.

*No error having been made to appear, the exceptions of both parties are overruled and the cause is remanded.*