Daisy Turner, Admx. *v.* Alba M. Bragg et al.

(83 A2d 511)

May Term, 1951.

Present: Sherburne, C. J., Jeffords and Cleary, JJ.

Opinion Filed October 2, 1951.

*Irwin S. Kendall, Herbert Avery* (of the Massachusetts Bar) and *Bove, Billado & Dick* (on the brief) for the plaintiff.

*William R. Daley* and *Gibson & Crispe* for the defendants.

Jeffords, J. This is an action of trespass. An answer was filed which contained a general denial and a special plea alleging that certain facts had been determined in a prior chancery suit between the same parties and that the adjudication of these facts is conclusive of the same facts in the present case. A verdict was directed for the defendants and the case is here on exceptions of the plaintiff.

The trespass here claimed is on a certain parcel of land owned by the plaintiff and known as the Wheelock lot. In order to fully understand the factual situation here presented it is necessary to read the opinion in the chancery suit above referred to reported in 113 Vt at page 393, 35 A2d 356. In that case the chancellor made findings as to certain boundaries of lots shown on an exhibit, defendants' G. The trespass complained of in that suit related to a piece of land owned by the present plaintiff and known as the 45 acre lot. Certain findings in that case were made which related to

the Wheelock lot. The present case has been here once before, see 115 Vt 196, 55 A2d 268. At that time the defendants filed a plea of *res adjudicata* based on the decision in 113 Vt. This plea was overruled below and that ruling was here affirmed.

After the jury had been empaneled in the case at bar, counsel for the plaintiff made an extended statement setting forth what was proposed to be shown in support of the plaintiff's case. Then followed a long discussion between the court and counsel for both parties relating largely to the question of whether the findings referred to in the opinion in 113 Vt were binding in the present case as boundaries of the Wheelock lot.

The trial court then made the following statement:

> "Defendant's motion for judgment is denied and they are allowed Exceptions on each and every ground stated. The Court does rule that the parties to Turner v. Bragg, No. 833 in Chancery, and the present case are identical; that the location of the Kelly line, the location of the southwest corner of the Clark lot so-called and the location of the northerly boundary of the Bragg property were material issues in the Chancery case No. 833 and were decided in that case and that the location of the Kelly line and location of the southwest corner of the Clark lot so-called and the northerly line of the Bragg property are as appears on Def. G in the Chancery case, the Kelly line being marked by the letter K, the southwest corner of the Clark lot being marked by the letter F and the northerly boundary of the Bragg property being marked by the letters E. N. G. and plaintiff is allowed Exceptions to the ruling. That, gentlemen, gets us down to the point where the issues in this case are: 1. The title to the property lying westerly of the Clark lot and northerly of the Bragg lot and easterly of the, what is designated as Turner 1 45 a on Def. G."

Counsel for the plaintiff then stated, in effect, that under this ruling the court might as well direct a verdict for the defendants. This the court did and an exception was allowed the plaintiff, both to the ruling and to the direction of a verdict.

 Although we stated in the opinion in 113 Vt that the present trespass action had nothing to do with the chancery case then under consideration and we quoted this statement with approval in the opinion in 115 Vt, the defendants insist that they are entitled to the benefit of an estoppel as set forth in their special plea as to the boundaries referred to in the ruling of the court below. The distinction between a former judgment as a bar to a subsequent action under a plea of *res adjudicata,* as was the case in 115 Vt, and an estoppel by verdict or findings, such as here pleaded, is well set forth in *Fletcher* v. *Perry,* 104 Vt 229, 231, 232, 158 A 679. The rule in the latter matter has recently been stated in *Gilman* v. *Gilman,* 115 Vt 49 at 52, 51 A2d 46, 48, as follows: "When some controlling fact or question material to the determination of both suits has been adjudicated by a court of competent jurisdiction and is again at issue between the same parties, or some of them, the former adjudication will, if properly presented, be conclusive of the same fact or question in the second suit, although the two suits are not for the same cause of action." Cases cited. The point decided must have been essential to the former judgment, one which must necessarily have been decided in order to support the judgment. A judgment is not evidence of any matter which came collaterally in question merely, nor of any matter incidentally cognizable. *Wells* v. *B. & M. R. R.,* 82 Vt 108, 117, 118, 71 A 1103.

It is stated in 113 Vt at p. 398, "In this case the location of the Kelly line and the southwest corner of the Clark lot were material to the ultimate finding of the boundary in issue" i.e., the boundary line between the 45 acre lot and the land of the defendants. "We see no impropriety in these findings which are of subordinate facts upon which the chancellor has rested his ultimate finding. The extent to which such subordinate facts may be reported lies in the sound discretion of the trial court."

█ It is clear that the Kelly line and the southwest corner of the Clark lot are not such facts or questions as bring them within the rule above stated. While they were material to the ultimate finding of the important boundary line they were not controlling facts within the meaning of our cases. They are, as stated in the opinion in 113 Vt, subordinate facts not necessary to be reported. They are collateral or incidental facts not necessary to be decided in order to support the judgment in that case. They are what are called merely evidentiary or mediate facts so that the rule of estoppel

here under consideration does not apply to them. Restatement, Judgments, 1948, Supp. pages 336,7. See also the opinion of Judge Learned Hand in the case of *The Evergreens* v. *Nunan,* 141 F2d 927, 152 ALR 1188, for an excellent discussion of this question.

The ruling of the trial court that the northerly boundary of the Bragg property is the line which appears on the exhibit G as marked by the letters E. N. G. does not need any extended discussion. The defendants say that the chancellor must have found this boundary line but the fact of the matter is that he did not. In 113 Vt at page 405 the following statement appears: "In the argument on the motion the plaintiffs insist that the northern boundary of the defendants' land is not where they assert the chancellor has put it, but is much farther to the south and is not a straight line. The chancellor made no definite finding as to this line (E-F as shown on exhibit G which is the westerly part of the line referred to by the court in the present case as marked by the letters E. N. G.), stating only that the defendants owned nothing north of a certain limit, and the plaintiff nothing south of it, and that no trespass had been committed upon the plaintiffs' property." It seems needless to say that as the northerly boundary of the defendants' property has not been adjudicated the plaintiff is not estopped from showing where she claims this line to be.

The plaintiff briefs other exceptions but it appears that these exceptions are to rulings predicated upon the ruling which we have discussed and found to be erroneous, so it is not necessary to consider these latter exceptions.

*Judgment reversed and cause remanded.*