## Daisy Turner et al v. Alba M. Bragg et al

(100 A2d 431)

May Term, 1953.

Present: **Sherburne, C. J., Jeffords, Cleary, Adams and Chase, J. J.**

Opinion Filed October 6, 1953.

44

- *Irwin S. Kendall* and *Herbert S. Avery* [of Boston, Mass.] for the plaintiffs.

*Barber & Barber* for the defendants.

**Jeffords, J.**  This is the fifth time that some phase of this litigation between these parties has been brought before us. The present case is an action at law for trespass for the alleged cutting and removing of timber by the defendants on land claimed to be owned by the plaintiffs.  The cause came on for hearing on the defendants' answer which set forth a plea in bar of Res Adjudicata and one of estoppel by findings.  Findings of fact were made and judgment was entered for the defendants.  The case is here on exceptions of the plaintiffs.

Findings by the Windham County Court, Blackmer, J. presiding, on a hearing on a plea of *res adjudicata* were adopted as a part of the findings made after the hearing above referred to.  The important findings, in substance, are as follows: The plaintiffs or their privies in title and the defendants are identical with the parties in chancery case No. 833.  The plaintiffs seek to recover for alleged trespass to the White and Wilbur lot.  This lot is described in the plaintiffs' declaration in the same manner as it is in their bill of complaint in the chancery case.  No claim for trespass is made relating to any other lots claimed to be owned by the plaintiffs and

involved in the cases of *Turner* v. *Bragg*, 117 Vt 9, 83 A2d 511, and 115 Vt 96, 55 A2d 268. The trespasses claimed in the present case at least from the date of the bill of complaint in the chancery case to that of the writ in this case are different from those considered in the chancery case. Various findings of the chancellor in the chancery case, hereinafter referred to, are incorporated in the findings. It is found "that the plaintiffs assert no claim for trespass on the part of the defendants northerly of the line E. F. as described by the chancellor in Findings in Chancery case No. 833, the northerly boundary of land of the defendants during the period June 5, 1941 to January 9, 1946, that all cuttings by the defendants which have occurred since the Chancery proceedings, No. 833, have occurred south of the line E. F. as described above."

█ The only available exception is to the judgment which raises only the question of whether the judgment is supported by the facts found. *Little* v. *Loud*, 112 Vt 299, 304, 23 A2d 628.

The appeal in the chancery case No. 833 was decided by us and is reported in 113 Vt 393, 35 A2d 356. The bill of complaint alleged that the defendants have trespassed and cut timber upon lands of the plaintiffs known as the 45 acre lot of the White and Wilbur lots. Findings of fact were made by the chancellor and a decree was entered for the defendants which was affirmed by this Court. Reference should be had to the opinion in that case for a complete factual background of the two cases.

█ The findings in the present case show that the parties, the subject-matter, and the causes of action are identical, or substantially so, in the chancery case as in the case at hand. This being so, the decree in the chancery case is an absolute bar to a recovery in the present action for the trespasses claimed from May 1, 1941 to June 4, 1941, the date of the bill of complaint in the chancery case. *Fletcher* v. *Perry*, 104 Vt 229, 231, 158 A 679.

Since it is found that the claimed trespasses in the present case from the date of the bill in the chancery case to that of the writ in this case are different from those considered in the

former case the causes of action in the two cases are not the same and consequently *res adjudicata* by judgment alone does not apply as to these claimed trespasses. It remains to be seen whether recovery for such is barred by estoppel by findings in the chancery case.

■ The test to be applied was stated in *Turner* v. *Bragg*, 117 Vt 9, at 11, 83 A2d 511, 512, as follows: "When some controlling fact or question material to the determination of both suits has been adjudicated by a court of competent jurisdiction and is again at issue between the same parties, or some of them, the former adjudication will, if properly presented, be conclusive of the same fact or question in the second suit, although the two suits are not for the same cause of action. The point decided must have been essential to the former judgment, one which must necessarily have been decided in order to support the judgment." See cases cited.

The important findings in the chancery case which are incorporated in the findings in the present case are [1] That the plaintiffs do not own any property southerly of a line marked E. F. on defendant's exhibit G and that the defendants' property does not extend northerly of this line at that location and [2] that the defendants have not and are not trespassing by cutting timber or otherwise upon land owned by the plaintiffs or claimed to be owned by them as set forth in their bill of complaint known as the White and Wilbur property.

The final question to be decided in both cases was whether the defendants were trespassing on lands of the plaintiffs. The controlling fact in determining this issue was and would be that of title to the lands in question. In the chancery case it was found that the plaintiffs did not own any property southerly of the line E. F. In the present case it is found that the plaintiffs assert no claim for trespass northerly of this line from the date of the bill of complaint to that of the writ in this case and that all cuttings by the defendants which have occurred since the chancery proceedings have been south of line E. F. It is also found, in effect, that the trespasses claimed in this case are alleged to have taken place on the same lot of land in issue in the chancery case.

It is clear beyond question that the plaintiffs claimed in the chancery case, and here claim, that the cuttings constituting the alleged trespasses were south of the line E. F. on property to which they had title. This is shown by various statements appearing in the opinion of 113 Vt by admissions and statements of counsel for the plaintiffs in the hearings on the pleas in bar as shown by the transcript referred 'to and made a part of the bill of exceptions and by a stipulation entered into between the parties in connection with the chancery case which is referred to in the findings in the present case.

True it is that the exact boundary line between the 45 acre lot and lands of the defendants known as the Tisdale Porter lot was not found by the chancellor as is pointed out in 113 Vt at pps. 405 and 406 and in 117 Vt at p. 12. However the finding that no trespass had been committed on the 45 acre lot made unnecessary any more precise determination of the southern limit of the plaintiffs' property. 113 Vt 399, 400; 35 A2d 356. Although the alleged acts of trespass are different in the present case from those in the chancery case they are alleged to have been committed on the same land as were those in the former case. ·

The chancellor in the findings above set forth found, in effect, that the plaintiffs did not have title to the lands on which the trespasses were alleged to have taken place. This was a controlling fact material to the determination of both suits and as it was adjudicated by a court of competent jurisdiction against the plaintiffs they are estopped in the present case from again litigating that question under the rule above stated.

The plaintiffs rely largely on the case of *Susi* v. *Davis*, 134 Me 308, 86 A 707; Id, 133 Me 354, 177 A 610, 97 ALR 1222. It is cited in support of their claim that none of the boundaries found by the chancellor was a material controlling fact. There is no need to spend any time in distinguishing that case from the present. It is sufficient to say that the factual situations are entirely different and the holdings here made do not turn on any findings of exact boundaries. This case is cited in *Hardison* v. *Jordan*, 142 Me 279, 50 A2d 447 at p. 448, as

48

authority for the statement that a former case which did not finally determine the issues raised in the present case is not a bar to the latter. That is not the situation here.

The plaintiffs argue strenuously that the ultimate controlling fact on which the decision in the chancery case was based was not that the plaintiffs owned nothing south of the line E. F. nor that the defendants were not trespassing on the plaintiffs' land, but rather that the plaintiffs had failed to satisfy the court that the trespasses had been or were being threatened on their land. The basis for this claim is the statement appearing in the last sentence of the opinion in 113 Vt at p. 406, 35 A2d at p. 365. The sentence is as follows: "The plaintiffs must, of course, recover on the strength of their title and not upon the weakness or invalidity of the title of the defendants." This statement is in that part of the opinion dealing with the motion for reargument. It had to do with a claim of the plaintiffs in support of their motion and involved their claim as to the Fairbanks land, so called, forming a part of their southern boundary. It is shown that in the absence of a finding of the location of this property it is not made to appear that any cutting has been done on the plaintiffs' property. Then follows the quoted sentence. The statement therein made was in answer to a claim made in the motion and at the most can only be considered as an added reason for affirming the decree. It does not destroy or weaken the findings of the chancellor or their standing as ultimate controlling facts as a basis for the affirmance.

It is claimed that chancery had no jurisdiction to determine the location of boundaries except as such were merely incidental and not conclusive to the determination of the equity questions raised in the bill.

■ This claim is not here in point. None of our holdings are based on any findings as to exact boundary lines. Moreover, when there is a ground for relief in equity, such as threatened trespasses, a disputed boundary may properly be the subject of an ultimate finding as a controlling fact in the case. 113 Vt at p. 398, 35 A2d at p. 360; *Barrell* v. *Renehan*, 114 Vt 23, 25, 39 A2d 330.

The plaintiffs brief other questions. They either have been answered by what we have heretofore said or are based on claims with no supporting exceptions.

*Judgment affirmed.*