**James F. Hanley v. United Steel Workers of America**

[110 A2d 728]

Special Term at Rutland, November, 1954.

Present: Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.

Opinion Filed January 4, 1955.

379

*Lawrence & O'Brien* for the plaintiff.

*Joseph M. O' Neil* for the defendant.

**Jeffords, J.** This is an action of contract. Service of the writ was made on the defendant under the provisions of V. S. 47, §1563. The defendant appeared specially and filed a plea to the jurisdiction of the court on the ground that it is not a foreign corporation. A hearing was had on the plea. Findings of fact were made which were favorable to the defendant. The court sustained the plea, dismissed the writ and entered judgment for the defendant. No exceptions were taken to the findings. Exceptions were allowed the plaintiff to the judgment.

The exception to the judgment raises only the question as to whether it is supported by the facts found. Since this exception is not briefed it is waived. *Little* v. *Loud*, 112 Vt 299, 23 A2d 628.

The plaintiff relies entirely in support of his claim of error on the fact that the plea was signed by the attorney for the defendant. He cites two of our cases, *Leblanc* v. *Deslandes*, 117 Vt 248, 90 A2d 802 and *Kenney and Downer* v. *Howard*, 67 Vt 375, 31 A 850, which hold that a plea to the jurisdiction must be signed by a defendant in person and it is bad if signed by the attorney for the defendant.

On appeal the excepting party must produce a record that makes it appear that reversible error has been committed. The record is to be construed against him; the risk of failure is his. It is incumbent on him to present a record by which error is affirmatively shown and he alone

carries the risk of mistakes or omissions therein. *Ricci* v. *Boves's Exr.*, 116 Vt 335, 336, 75 A2d 682, and cases cited. Nowhere in the record before us does it appear that the plea to the jurisdiction was challenged by a motion that it be dismissed or overruled or by any other method for the reason now advanced. Since the record does not show that this question was raised below we do not consider it. A trial court may not be put in error by a point not made below. *Preston* v. *Montgomery Ward*, 112 Vt 295, 298, 23 A2d 534; *Higgins Admr.* v. *Metzger*, 101 Vt 285, 296, 143 A 394.

The defendant in its brief says that the plea, although entitled a plea to the jurisdiction, is in legal effect either a motion to dismiss or a plea in abatement. For the purposes of this case, we treat it as being what it is entitled and what it is called in the bill of exceptions.

*The judgment for the defendant sustaining the plea to the jurisdiction and dismissing the writ is affirmed.*