HALL, Judge.
Plaintiff foreclosed via executiva on a note secured by chattel mortgage on an automobile. The mortgaged automobile was duly seized and sold with appraisement by the sheriff, but since the proceeds of the sale were insufficient to pay in full the amount due on the note plaintiff filed suit for, and obtained, a deficiency judgment by default against College Corner, Inc., maker of the note, and Ellis Kagan, who was sued as a co-maker thereof. The defendant, Ellis Kagan, appealed devolutively. College Corner, Inc. did not appeal. Hereafter wherever we use the term “defendant” we are referring to Ellis Kagan.

On Motion To Dismiss

Plaintiff moved to dismiss the appeal under LSA-C.C.P. Art. 2085, on the ground that Ellis Kagan, prior to appealing, had voluntarily acquiesced in the judgment by making a payment of $250.00 in partial satisfaction of the judgment and by promising to pay the balance thereof. Plaintiff’s motion to dismiss is not verified nor are the factual allegations therein contained supported by an attached affidavit.
On the other hand defendant-appellant has filed an affidavit stating that he has *525 never personally acquiesced in the ' judgment, but that he did on instructions from the manager of College Corner, Inc., his co-defendant, make a payment of $250.00 on account of the judgment rendered against the corporation, with funds belonging to the corporation, in order to forestall a seizure of the corporation’s assets.
We find no merit in the motion to dismiss and the same is denied.
Under the facts disclosed by defendant-appellant, which are in no wise disputed by plaintiff-appellee, there was no unconditional, voluntary and absolute acquiescence in the judgment on the part of Ellis Kagan, personally, and no intention by him to acquiesce therein and to abandon his right of appeal. See Roussel v. Marshall, La.App., 86 So.2d 758.