BARNETTE, Judge.
This is a suit on 18 promissory notes secured by chattel mortgages on certain dump trucks and other heavy dirt-moving equipment. All the notes were given at the same time for the purpose of refinancing the equipment for which defendant Supreme Construction Co., Inc., was indebted and in arrears to another creditor. Seven of the notes were signed as below:

The remaining 11 notes were signed in this manner:

Judgment was rendered by the trial court in favor of plaintiff, Associates Finance, Inc., against the defendants Supreme Construction Co., Inc., and Sam Capitano, Sr., jointly, severally, and in solido, in the sum of $41,880.93, with 8-percent interest and costs, on the 11 notes signed by Supreme Construction Co., Inc., with recognition of mortgage rights and writ of sequestration on the 11 trucks or equipment described. On the seven notes signed by Supreme Construction Company and Sam Capitano, Sr., judgment was in the sum of $25,351.41 with 8-percent interest and costs against *351 Sam Capitano, Sr., individually, with recognition of mortgage rights and maintenance of writ of sequestration on the seven described trucks and equipment. The judgment also recognized and maintained prior mortgage rights of the intervenor, General Electric Credit Corporation, to the extent of $1,198.20 on certain described truck bodies mounted on certain of the mortgaged trucks. Defendant Sam Capitano, Sr., has appealed devolutively from the entire judgment.
Supreme Construction Co., Inc., has not appealed, neither is there any appeal of the judgment in favor of the intervenor. The judgment is therefore final as it relates to these parties.
The defendant-appellant Capitano does not question the amounts alleged due and in arrears on the notes, nor does he raise, any issue concerning the validity of the notes and mortgages as they may relate to Supreme Construction Co., Inc. His contention is that his signature on the notes was only in a representative capacity as president of Supreme Construction Co., Inc., and that he did not obligate himself personally as endorser or comaker. He denied his personal liability on the notes.
As can be seen above, on the face of each of the notes are the typewritten words “Personally Endorsed.” Capitano asserted that the words were added after the notes were signed, thus materially altering the notes and discharging the obligation. The plaintiff denies the assertion. This is an issue of fact which the trial judge resolved against Capitano. In his reasons for judgment he said: “The Court is satisfied from the evidence that at the time the notes were executed, the words ‘Personally Endorsed’ were typed on the notes.” He referred to the testimony of the several witnesses on this issue of fact, which we have also carefully examined, and his conclusion is manifestly correct. This brings us to the only serious question in the case, which was expressed by the trial judge in the following words:
“The evidence satisfies the Court that it was the intention of plaintiff to make the loans predicated on the personal endorsement of Capitano. But, the question remains were the notes actually personally endorsed.”
Counsel for plaintiff cites and relies on LSA-R.S. 7:17 which in pertinent part provides:
“Where the language of the instrument is ambiguous, or there are omissions therein, the following rules of construction apply:
* * * * * *
(6) Where a signature is so placed upon the instrument that it is not clear in what capacity the person making the same intended to sign, he is to be deemed an indorser * * *.”
We doubt the relevance of that section since we think there is nothing “ambiguous,” nor is it “not clear in what capacity” Capitano affixed his second signature, but in any event he would be personally obligated. All the notes begin with the words:
“For value received, we, the signers, makers, endorsers, guarantors, sureties and each of us jointly and severally and in solido, promise to pay * * *.”
The use of the words “Personally Endorsed” on the face of the notes clearly indicates an intention to assume a personal obligation for payment according to the provisions of the notes. It matters not whether such personal obligation was that of endorser, comaker, signer, guarantor or surety.
We do not think LSA-R.S. 7:20, cited by both counsel, is pertinent for the reason that the second signature of Capi-tano, followed by the word “Pres.” was not used to describe the representative character in which that signature was affixed, but rather as a title identification used by Capi-tano. Any other construction would be absurd. It could hardly be argued that the second signature was affixed in a repre *352 sentative capacity for some other and undisclosed principal, but if so, Capitano would be personally obligated under this section. On the other hand we cannot assume that the second signature, identical to the first, was affixed in the same capacity for Supreme Construction Co., Inc., for this is entirely without reason or necessity to fix its corporate liability. Furthermore the second signature was not preceded by the preposition “BY” as was the first. We cannot simply assume that Capitano’s second signature was superfluous. He had by his first signature in a representative capacity bound the corporation. The second signature must then be construed as having some purpose and this we find was that of binding Capitano individually and in solido. Pineland Realty Co. v. Clements, 149 La. 274, 88 So. 818 (1921).
As for the seven notes which bore the name Supreme Construction Company, rather than Supreme Construction Co., Inc., the trial judge found additional reason for holding Capitano liable. He stated as follows:
“Insofar as the seven notes executed in the name of Supreme Construction Company by Sam Capitano, Sr., are concerned, and additionally signed Sam Capitano, Sr., Pres., there is no question but that Capitano is personally liable on these notes. There is no evidence that Supreme Construction Company is a legal entity, and the notes are simply executed in a trade name.”
In view, however, of the rationale of this opinion we find it unnecessary to consider or rely upon this additional reason for holding Capitano individually liable on these seven notes.
Finally we find that appellant has relied heavily on the case of Associates Discount Corp. v. College Corner, Inc., 166 So.2d 524 (La.App. 4th Cir. 1964), in support of his position. An examination of that case reveals that it involved a situation wherein two separate individuals signed a promissory note. The court found no corporate resolution or other proof to indicate that the secretary-treasurer’s signature alone was sufficient to bind the corporation or that contrarily the vice-president’s signature also was required. The doubt was resolved against the personal liability of the vice-president, the judgment against him was annulled and the demands against him personally were dismissed as of non-suit without prejudice. This clearly is not the situation here. Had it been necessary for some unusual reason for Capitano to sign twice to bind the corporation, we would agree that the case would have some application here. As this was not the situation the case is in no way determinative of the issue before us.
For these reasons the judgment appealed from is affirmed at appellant’s cost.
Affirmed.