REDMANN, Judge.
Lee R. Leonard appeals a judgment holding him liable to the payee of two promissory notes as an indorser.
Appellant’s unqualified signature appears on the reverse of the notes. He is therefore deemed to be an indorser, LSA-R.S. 7:63, and parol evidence is ordinarily inadmissible to show a contrary intent, Neosho Milling Co. v. Farmers’ Co-op. Warehouse Stock Co., 130 La. 949, 58 So. 825 (1912).
Appellant argues that the circumstance that the signature of the corporate maker on the face of the note was “by” appellant and another renders ambiguous appellant’s unqualified signature on the reverse. Appellant cites Associates Discount Corp. v. College Corner, Inc., 166 So.2d 524 (La.App.1964), as admitting parol when the intent of the parites is not clear from the instrument. In our opinion there is no lack of clarity in our case. Appellant’s signature as indorser is in no way indicated to be anything but a personal indorsement, unlike the College Corner case where the signature was followed by “Vice-Pres.” in each instance.
Nevertheless there was testimony by appellant that he did not intend to bind himself personally, but only to sign for the corporation. But this testimony does not explain why appellant would have indorsed the notes for the corporation, since they were not payable to the maker and did not require the maker’s indorsement. The corporation was newly created, and the obvious purpose of requiring the indorsements was to obtain the personal liability of the in-dorsers.
We find no error in the judgment appealed from, and it is therefore affirmed at appellant’s cost.
Affirmed.