BEER, Judge.
Plaintiff-appellee, Whitney National Bank of New Orleans (hereafter “Whitney”), was the holder of a promissory note in the principal amount of $405,000 (secured by a collateral mortgage), executed by BEN Development Corporation (hereafter “BEN”). The note had been signed on behalf of BEN by Richard J. Burke, president, and Thomas P. Eustis, vice-president. Thomas Eustis, Geoffrey Eustis and Richard Burke individually signed the reverse side of the note, evidencing their agreement to be bound “in solido, unconditionally and as original promisors” for payment of the principal, interest, costs and attorney fees. Messrs. Eustis also pledged certain securities and a certificate of deposit.
Subsequently, a petition filed in the Civil District Court for the Parish of Orleans sought the involuntary liquidation of BEN, and the court, ex proprio motu, appointed a liquidator. Thereafter, in unrelated proceedings, BEN was adjudicated a bankrupt in the U.S. Bankruptcy Court, and a trustee was appointed.[1] BEN defaulted on the note, and Whitney petitioned to foreclose in executory proceedings. Cited and served with demand for payment in these proceedings were Clarence Pavret, the agent for BEN, Thomas Eustis, Geoffrey Eustis and Burke. Thereafter, the property was seized, appraised and then sold at judicial sale, where Messrs. Eustis bought the property for the minimum bid based upon the appraisal made by the Civil Sheriff’s appraiser.
Whitney obtained a deficiency judgment against Burke and Messrs. Eustis as solida-ry co-obligors and, thereupon, sought recognition of their lien and privilege as pledgee of the securities and the certificate of deposit pledged by Messrs. Eustis. Deficiency judgment was rendered in favor of the Whitney, and, from this judgment, Burke perfected a devolutive appeal. Subsequently, Whitney, paid off by Messrs. Eustis, assigned all right, title and interest in the deficiency judgment to them and they were substituted as appellees in this proceeding.[2]
Appellant Burke now alleges various errors in the trial court’s judgment, and we turn first to his contention that his individual signature should not be a basis for his in solido liability:
The trial court sustained Whitney’s objection to the introduction of parol evidence on the issue of Burke’s solidary liability but permitted him to proffer same, which, on our reading, deals with the circumstances surrounding the signing of loan transaction documents. Burke testified that he signed at the request of Thomas Eustis but was not told until the time of the transaction that his signature, in his individual capacity, would be necessary. However, Thomas Eustis testified that he, his brother Geoffrey and Burke had all previously agreed that the loan would be endorsed by all three of them. Even so, Burke steadfastly contends that the parties to the agreement obviously did not intend that he be personally liable since no assets of his were pledged with the mortgage of the corporate real estate and the various securities owned by Messrs. Eustis. Certain critical facts are not disputed: Burke’s signature appears twice on the note — -at the bottom, in his capacity as president of BEN and on the reverse thereof without any indication of capacity other than that of endorser. We find that the record discloses no special circumstance which might form the basis for an exception to the parol evidence rule. The terms of the promissory note are unambiguous. Thus, we find no error in the judgment of the trial court on the issue of defendant’s personal liability. See Imperial Trading Company v. Crescent City Restaurants, Inc., 230 So.2d 748 (La.App. 4th Cir. 1970).
Appellant next relies upon a unique interpretation of LSA-R.S. 13:4106, *1079 which requires appraisal to preserve deficiency judgment rights. He contends that Whitney’s failure to obtain a separate appraisal on behalf of the liquidator precludes their action for the deficiency. It is correct that a valid appraisal is an indispensable prerequisite to the enforcement of a deficiency judgment. See LSA — R.S. 13:4101, et seq. However, the statutory provisions do not mandate a separate appraisal on behalf of the liquidator, and we are not cited to any other acceptable authority to support this view. Thus, we conclude that the deficiency judgment against all three of the endorsers was valid and enforceable.
Nor is there merit to appellant’s contention that the assignment of the judgment to two of the co-obligors extinguishes the judgment by confusion. The facts support the trial court’s apparent conclusion that Burke and the Messrs. Eustis signed the note as endorsers and, accordingly, obligated themselves in solido. See Gulf National Bank of Lake Charles v. Computer Analysis, Inc., 278 So.2d 827 (La.App. 3rd Cir. 1973), writ not considered, 282 So.2d 142 (La.1973); Cambre v. Gerald, 246 So.2d 73 (La.App. 4th Cir. 1971). Also note: Meadow Brook National Bank v. Recile, 302 F.Supp. 62 (E.D.La.1969), and Hilgenfeld v. Hilgenfeld, 180 So.2d 236 (La.App. 2nd Cir. 1965).
Solidary debtors who pay off the judgment may, thereupon, claim contribution from the remaining solidary co-debtors for their virile share of the obligation, and La.C.C. art. 2104 goes on to provide that “if one of them be insolvent, the loss occasioned by his insolvency must be equally shared amongst all the other solvent co-debtors and him who has made the payment.” With BEN an obvious bankrupt, the obligation for the deficiency is properly borne by Messrs. Eustis and Burke. Since appellees Eustis and Eustis have fully satisfied the obligation and have, in addition, been substituted for Whitney, they are enti-tied to payment from Burke in the amount of one third of the deficiency judgment. With this in mind, we believe that judicial economy is best served by framing a judgment consistent with the order of this court dated April 28, 1978, substituting Messrs. Eustis as parties plaintiff in place of Whitney National Bank.
Accordingly, the judgment of the Civil District Court for the Parish of Orleans is recast as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Geoffrey E. Eustis and Thomas P. Eustis and against Richard J. Burke in the amount of $100,661.27,[3] with legal interest thereon from the date of the rendition of the deficiency judgment in favor of Whitney National Bank.
As recast, the judgment is affirmed. Each party is to bear his own costs in these proceedings.

RECAST AND AFFIRMED.

. The real property mortgaged to the Whitney was ultimately disclaimed by order of the Bankruptcy Court.

. Burke then filed an exception of no cause of action in this court, contending that the judgment appealed from had been extinguished by confusion.

. Calculated as follows: Principal amount of the note plus interest plus legal fees less the proceeds of the sheriffs sale amounts to $301,-983.83; one third of this amount is $100,661.27. See testimony of Paul Hogan, III, Vice-President of Whitney National Bank. Transcript pages 3-5.