408 So.2d 968 (1981)
SOLAR SUPPLY, INC., Plaintiff-Appellee,
v.
CAMP'S HEATING AND AIR CONDITIONING, INC., et al., Defendants-Appellants.
No. 14725.
Court of Appeal of Louisiana, Second Circuit.
December 7, 1981.
Johnson, Johnson & Johnson by Neal G. Johnson, Monroe, for defendants-appellants.
Bruscato, Loomis & Deal by Philip T. Deal, Monroe, for plaintiff-appellee.
Before PRICE, MARVIN and FRED W. JONES, Jr., JJ.
MARVIN, Judge.
Defendants, a corporation and its president-sole stockholder (Dickey), appeal a judgment in solido in this action on a promissory note that had the name "R. J. Dickey" typed at the top of the note and that was signed by Dickey on two lines at the bottom:
"... I, we or either of us, in solido, promise to pay
* * * * * *
 "s/Camp's Heating and Air Conditioning,
 Inc.
 "s/Ronald J. Dickey"
Dickey argues that he did not intend to be personally obligated on the note which was given for a past due account of the corporation to plaintiff, a supplier of the corporation. Plaintiff's employees testified to the contrary and that it was explained to Dickey that plaintiff was going to sue the corporation unless Dickey personally agreed to pay the account. The note was due 90 *969 days from date. The trial court made no specific findings of fact but rendered judgment for plaintiff on the authority of LRS 10:3-403. This section of the Commercial Laws reads:
"(1) A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation. No particular form of appointment is necessary to establish such authority.
"(2) An authorized representative who signs his own name to an instrument
"(a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;
"(b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.
"(3) Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity."
Under these circumstances, as a reviewing court, we view the evidence in a light most favorable to the appellee and the affirmance of the judgment. Ford Motor Credit Co. v. Diffey, 378 So.2d 1032 (La. App. 2d Cir. 1979), writs denied.
Defendants argue that the judgment cannot be upheld against both defendants in solido for the reason that if Dickey did not sign in a representative capacity, the corporation is not liable, and if he did, he is not liable. We affirm the judgment against both defendants.
A signature may be made by a representative and his authority to sign may be established as in other cases of representation. § 10:3-403(1). Dickey's consistent position was and is that this was the debt of his corporation and that he signed the corporate name and his name to bind [only] the corporation. Dickey admitted that, as president and sole stockholder, he had the authority to bind the corporation.[1]
As an authorized representative under § 10:3-403(2), Dickey signed his own name to the note and did not show on the note that he signed in a representative capacity. Under these circumstances, he is personally obligated on the note by the clear and express terms of the statute. Because this action is between the immediate parties to the note, Dickey had the right to introduce evidence to show that it was "otherwise established between the parties" that he was signing only in a representative capacity. Dickey failed in this burden.
At appellant's cost, the judgment is AFFIRMED.
NOTES
[1] It is not necessary for us to reach the question whether the mere signing of the corporate name alone is sufficient to bind the corporation. See LRS 10:3-401 and UCC comment.