423 So.2d 15 (1982)
FIDELITY NATIONAL BANK OF BATON ROUGE
v.
RED STICK WHOLESALE MUSIC DISTRIBUTORS, INC., et al.
No. 82 CA 0106.
Court of Appeal of Louisiana, First Circuit.
November 16, 1982.
Patrick F. McGrew, Baton Rouge, for plaintiff-appellee Fidelity Nat. Bank of Baton Rouge.
Burton P. Guidry, Baton Rouge, for defendant-appellant Thomas J. Guarino.
*16 Before LOTTINGER, COLE and CARTER, JJ.
CARTER, Judge.
This is an action on a promissory note. Fidelity National Bank of Baton Rouge (hereinafter referred to as "Fidelity") sued Red Stick Music Distributors, Inc. and Thomas J. Guarino for the recovery of the unpaid balance of a certain promissory note, together with interest and attorney's fees. After trial on the merits, judgment was rendered in favor of Fidelity and against the defendants. From this judgment, defendant, Thomas J. Guarino, perfected a suspensive appeal. We affirm.
Brief was not filed by appellant. We therefore can only assume that appellant complains of the trial court's finding that defendant Guarino personally indorsed the note of Red Stick.
On the trial of this matter, most of the facts were stipulated by counsel and the only disputed testimony concerned the intent of the parties as to Guarino's indorsement on the back of the note.
The note involved in this litigation was in the original amount of $11,863.82, with interest thereon at a rate of 12.25% per annum from April 5,1979 until paid, plus 25% on both principal and interest as attorney's fees. This note was signed on the front side as follows:
"Red Stick Wholesale Music, Inc.
s/n Thomas J. Guarino, Pres."
On the reverse side of the note is found the following:
"s/n Thomas J. Guarino, Pres."
Upon default, Fidelity as holder and owner of the note brought suit against both the corporation and Thomas J. Guarino as personal indorser of the note.
Under the Louisiana Commercial Laws, La.R.S. 10:3-403 is directly on point in this case, and it reads as follows:
"(1) A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation. No particular form of appointment is necessary to establish such authority.
(2) An authorized representative who signs his own name to an instrument
(a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;
(b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.
(3) Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity."
The provisions of La.R.S. 10:3-403 applicable to this case is § 3-403(2)(b) which sets forth a rebuttable presumption between the immediate parties that the representative who signs his name in a representative capacity but does not name the person represented is personally obligated on the instrument. Parol evidence is admissible to rebut the presumption of the representative's personal liability; that is, to show that personal liability was not intended by his signature.
Also, La.R.S. 10:3-402 should be read in conjunction with § 3-403. Section 3-402 reads as follows:
"Unless the instrument clearly indicates that a signature is made in some other capacity it is an indorsement."
Thus, under the above two quoted articles which are controlling in this case, the representative who signs without naming the person represented has the burden of showing that his personal liability was not intended by his signature.
We find that the second signature by Guarino, followed by the word "Pres." on the reverse of the note, was a personal *17 indorsement by Guarino and that the word "Pres." was not used to describe the representative character in which the signature was affixed, but rather as a title identification. Associates Finance, Inc. v. Supreme Construction Co., 211 So.2d 349 (La.App. 4th Cir.1968).
Defendant Guarino testified at trial that he had signed the reverse of the note in a corporate capacity only and had no intention of being personally obligated thereon. This testimony was directly contradicted by Mr. Sidney N. Longwell, Commercial Loan officer with Fidelity. The trial court found, and we agree, that this indorsement on the reverse of the note would have been an exercise in futility, if not a personal indorsement, since the defendant, as maker of the note, had already signed in his capacity as the chief executive officer of the corporation. The note was payable to Fidelity who was also the holder. Different from a "myself" or "itself" note, an indorsement was not needed to make it a negotiable instrument. To give meaning to this second signature, it must be construed as being a personal indorsement with his title identification.
For the above reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.