PONDER, Judge.
Plaintiffs appealed the dismissal of their lawsuit for declaratory judgment.
The issue is the reformation of two contracts.
We affirm.
Plaintiffs, Louisiana Paving Company, Inc. and Barriere Construction Company, Inc., entered into separate contracts with the defendant, State of Louisiana, Through the Department of Transportation and Development, for the construction of sand embankments in the relocation of U.S. Highway 90 between Gibson and Raceland, Louisiana. Plaintiffs were to be paid by the Department for the volume of sand within the constructed embankment and for extra sand required due to subsidence.
This was the first time the Department had included payment for subsidence as an attempt to reduce the risk in bidding, hoping to receive lower unit prices under the contracts.
The plans for construction estimated ten inches of settlement on the Louisiana Paving project, and ten inches in one portion and seventeen inches in another portion of the Barriere project.
After construction, in accordance with the plans, the Department took borings to determine payment for settlement. The results on the Barriere job showed less than five inches of average subsidence and twenty percent of the borings indicated that the underlying ground had actually risen. The results on the Louisiana Paving job showed no subsidence at all, and an average rise in the underlying ground of two inches. Some borings showed the ground had risen over two feet.
Plaintiffs filed suit seeking a declaratory judgment that the Department’s method of measurement was so unreliable as to preclude its application. Plaintiffs also sought a declaratory judgment to reform the provisions of the contracts governing the method of measuring subsidence so as to determine the amount more accurately.
The court, while stating it was not entirely satisfied with any of the measuring techniques presented at trial, specifically found the Department’s method of measurement was no less reliable than the others explained. The court found insufficient reason to reform the contracts and dismissed plaintiffs’ suit.
Plaintiffs contend the trial court erred in not requiring reformation of the contracts so as to reflect a more accurate method of measuring subsidence. They do not seek to invalidate the contracts for lack of consent, but apparently rely on the Civil Code articles [1] to secure a reformation of contract by showing a mutual error of fact as to what was considered an accurate method of measurement. We find the articles have no application.
Reformation of instruments is available only to correct mistakes or errors when the instrument, as written, did not express the true intent of the parties. Bielawski v. Landry, 397 So.2d 861, (La.App. 4th Cir.1981). Proof of mutual error must be clear and convincing. Amoco Production Company v. Texaco, Inc., 415 So.2d 1003 (La.App. 4th Cir.1982). Plaintiffs are seeking to have the terms of the contract *54 changed in order to obtain more favorable results.
Much of the trial testimony was devoted to various ways of measuring subsidence, but plaintiffs presented no evidence showing that the agreements they entered into were not the agreements they intended to make. The results may not have been what was expected, but, as the trial court found, the contracts when made correctly reflected the agreement of the parties. As was expressed by the trial court: “... this was the deal the parties made, the bargain they struck, at the time they thought this particular standard of measurement on a small portion of the contract was accurate.” The error made, if any, was not in a principal cause for making the contract.
For these reasons, the judgment of the trial court is affirmed at plaintiffs’ costs.
AFFIRMED.

. La.C.C. art. 1823:
Errors may exist as to all the circumstances and facts which relate to a contract, but it is not every error that will invalidate it. To have that effect, the error must be in some point, which was a principal cause for making the contract, and it may be either as to the motive for making the contract, to the person with whom it is made, or to the subject matter of the contract itself.
La.C.C. art. 1825:
The error in the cause of a contract to have the effect of invalidating it, must be on the principal cause, when there are several; this principal cause is called the motive, and means that consideration without which the contract would not have been made.
La.C.C. art. 1826:
No error in the motive can invalidate a contract, unless the other party was apprised that it was the principal cause of the agreement, or unless from the nature of the transaction it must be presumed that he knew it.