522 So.2d 1154 (1988)
HARTFORD ACCIDENT AND INDEMNITY COMPANY
v.
LOUISIANA MINORITY, INC., d/b/a French Market Seafood, Israel Augustine, Jr., Rev. Zebadee Bridges and A.P. Marullo, Jr.
No. CA-8036.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1988.
Writ Denied May 6, 1988.
Francis G. Weller, John F. Derenbecker, New Orleans, for appellee.
Trevor G. Bryan, New Orleans, for appellantRev. Z. Bridges.
Dennis P. Couvillion, Metairie, for appellantAnthony P. Marullo, Jr.
Before GULOTTA, C.J., and KLEES and CIACCIO, JJ.
GULOTTA, Chief Judge.
This is an action by a surety to recover $20,000.00 it paid on two bonds guaranteeing the principal's tax obligations to the City of New Orleans. A defendant, who *1155 signed the bond application as an indemnitor agreeing to hold the surety harmless, appeals from summary judgments casting him liable for the amounts paid, plus attorney's fees and costs. We affirm, and award the surety an additional $1,500.00 in attorney's fees for successfully defending this appeal.
On May 11, 1984, in connection with its restaurant business at the 1984 World's Fair, Louisiana Minority, Inc., as principal, obtained two $10,000.00 surety bonds from Hartford Accident and Indemnity Company to guarantee payment of fees and taxes owed the City. The bond applications contained indemnity clauses whereby the undersigned indemnitors agreed to be jointly and severly bound with the principal to hold Hartford harmless from any liability it might incur as a result of the bonds. Rev. Zebadee Bridges, Israel M. Augustine, Jr., and A.P. Marullo, who were members of the board of directors of Louisiana Minority, Inc., signed as indemnitors on the first bond. Bridges and Augustine signed an identical clause in the second. None of the signatures indicated that any of these individuals was signing in a limited capacity as a corporate officer or board member.
Louisiana Minority, Inc. subsequently defaulted on its tax obligations to the City. After paying the City the face amounts of the bonds, Hartford obtained a release and assignment of the City's rights, and filed the instant suit for indemnification against Louisiana Minority, Inc., Marullo, Bridges, and Augustine.
On November 13, 1986, the trial judge granted summary judgment in favor of Hartford. In a second judgment of February 6, 1987, he awarded Hartford $5,231.99 in attorney's fees and costs. Augustine and Marullo's appeals were dismissed, and the judgments against these two defendants are now final. Only Bridges's devolutive appeals from both judgments are now before us. In an answer to the appeal, Hartford seeks additional attorney's fees.
In his sole assignment of error, Bridges contends that at the time he signed the bonds he was told by Hartford's agent that he was signing only as a board member of Louisiana Minority, Inc. in order to ratify or authorize the corporation's action in obtaining the bonds. According to Bridges, because he never intended to bind himself personally in the bond application, there is a genuine issue of material fact whether this misrepresentation constituted a vice to his consent to be bound as an indemnitor. He argues, therefore, that summary judgment was improper and that the issue of his error or mistake as to the nature of the contract must be resolved at a trial on the merits. We disagree.
At the outset, we note that the defenses of fraud and error are affirmative defenses that must be specifically pleaded in a defendant's answer. LSA-C.C.P. Art. 1005. In the instant case, in response to Hartford's petition of July 11, 1986, Bridges filed an answer containing general denials on September 4, 1986. He failed to plead material misrepresentation as a vice to his consent in signing the indemnity agreements until his first supplemental and amending answer was filed on November 10, 1986, after Hartford had submitted its motion for summary judgment. Bridges's supplemental answer contains no indication that it was filed with leave of court or the written consent of the adverse party as required by LSA-C.C.P. Art. 1151. Under these circumstances, there is a serious procedural question whether Bridges has properly raised his affirmative defenses in the trial court.
Even assuming that the issues of fraud and error are properly before us, however, we find no error in the trial judge's summary judgments in favor of Hartford.
The notarized bond applications signed by Bridges are unambiguous. His signature appears as follows beneath a clearly worded indemnity clause:
*1156 
Bridges's signature contains no language limiting his personal liability or indicating that he is signing only in the capacity as a director of the corporation to ratify the company's action in obtaining the bond. Under these circumstances, because Bridges failed to designate his representative capacity, he cannot introduce parol evidence to deny his personal liability under this document.
In Whitney National Bank of New Orleans v. BEN Development Co. Inc., 364 So.2d 1076 (La.App. 4th Cir.1978), we rejected a similar argument by a party who argued that he had not intended to be personally liable, even though he had signed a promissory note binding himself in solido with the original promissor. In holding the defendant liable in the cited case, we noted that there was no exception to the parol evidence rule where the terms of the promissory note were unambiguous and the defendant's signature failed to indicate that he was signing in any capacity other than that of an endorser.
Also analogous to our case is LSA-R.S. 10:3-403, dealing with commercial paper. This statute provides that an authorized representative who signs his name to an instrument is personally obligated if the instrument fails to show that he signed in a representative capacity. The comments to this section note that under such circumstances the representative may not introduce parol evidence to disestablish his personal obligation.
In so holding, we recognize that although parol evidence may not be admitted to vary the contents of an authentic act, it may be admitted in the interest of justice to prove a vice of consent. See LSA-C.C. Art. 1848. Nonetheless, misrepresentation does not vitiate consent when the party against whom the fraud was directed could have ascertained the truth without difficulty, inconvenience, or special skill. LSA-C.C. Art. 1953 and 1954. Even assuming, therefore, that Hartford's agent misrepresented to Bridges that he was signing only in his corporate capacity as a director, it would have been a simple matter for Bridges to have read the unambiguous document he was signing to realize that he was obligating himself jointly and severally with the corporation to indemnify Hartford. It is well settled that a party who signs an instrument without reading it cannot avoid liability on it by claiming to have signed it in ignorance of its purpose. *1157 Tweedel v. Brasseaux, 433 So.2d 133 (La. 1983). Ray v. McLain, et al 106 La. 780, 31 So. 315 (1901).
As a matter of policy, the stability of contracts and the very purpose of the parol evidence rule would be defeated if a signatory to an unambiguous, notarized writing could be permitted to contradict the terms of the agreement by parol evidence of his subjective intent, especially where the alleged misrepresentation could have been resolved by a simple reading of the document. Under these circumstances, we conclude that defendant has failed to raise a genuine issue of fact, and that the trial judge properly granted summary judgment in favor of Hartford.
We further find no error in the trial judge's award of attorney's fees and costs as provided in the indemnity agreement. The agreement in which defendants joined provides that Hartford shall be indemnified and held harmless from "any and all liability for damages, loss, costs, charges and expenses of whatsoever kind or nature (including counsel and attorney's fees) which the Surety [Hartford] shall or may ... incur by reason or in consequence of having executed the bond...." Plaintiff's motion for summary judgment for the fees and costs was supported by time sheets and bills, and we find no abuse of the trial court's discretion. Easterling v. Halter Marine, Inc., 470 So.2d 221 (La.App. 4th Cir.1985), writ denied 472 So.2d 920 (La. 1985).
As requested in its answer to the appeal, plaintiff is further entitled to an increase in the award of attorney's fees incurred in this court. Blaise Parking and Enterprises Corp. v. Project Square 221, 409 So.2d 691 (La.App. 4th Cir.1982). Considering Hartford's briefs, motions, and exhibits documenting the efforts of counsel in successfully dismissing the appeals of the other defendants and defending against Bridges's appeal, we conclude that an additional $1,500.00 in attorney's fees should be awarded.
Accordingly, the November 13, 1986 judgment granting plaintiff's motion for summary judgment is affirmed. The February 6, 1987 judgment awarding Hartford $5,231.99 in attorney's fees and costs is increased to the sum of $6,731.00, with legal interest thereon from the date of this judgment. In all other respects, the judgment is affirmed.
NOVEMBER 13, 1986 JUDGMENT AFFIRMED.
FEBRUARY 6, 1987 JUDGMENT AMENDED AND AFFIRMED.