528 So.2d 693 (1988)
AMERICAN BANK & TRUST COMPANY IN MONROE, Plaintiff/Appellee,
v.
David F. VINSON and Paula Keith (in solido), Defendant/Appellant (Paula Keith).
No. 19645-CA.
Court of Appeal of Louisiana, Second Circuit.
May 4, 1988.
Bruscato, Loomis, Street and Anzelmo by C. Daniel Street, Monroe, for defendant-appellant.
Boles, Boles and Ryan by Charles H. Ryan, Monroe, for plaintiff-appellee.
Before HALL, MARVIN and LINDSAY, JJ.
HALL, Chief Judge.
Plaintiff-appellee, American Bank & Trust Company in Monroe, filed suit against defendant-appellant Paula Keith and David F. Vinson. Vinson did not answer and judgment was rendered against him by default. Plaintiff subsequently moved for summary judgment against Keith. After a hearing on the motion, summary judgment was rendered against Keith based upon a continuing guaranty agreement whereby she allegedly guaranteed two promissory notes executed by Vinson. It is from this judgment that Keith appealed contending that (1) the trial court erred in holding that, because parol evidence is not admissible to negate or vary the written guaranty agreement, there are no genuine issues of material fact in dispute, and (2) the trial court erred in granting the judgment based upon two notes when plaintiff's petition alleged that Keith only guaranteed one note. For the reasons which follow we reverse the decision of the trial court and remand for further proceedings.
After Vinson defaulted on two promissory notes payable to plaintiff, plaintiff filed suit for a deficiency judgment on one note and for judgment on the second note. Plaintiff joined defendant Keith in this action since she executed a continuing guaranty agreement which provides in pertinent part:
In consideration for the extension of credit by AMERICAN BANK AND TRUST COMPANY IN MONROE, Monroe, Louisiana to David F. and Linda Vinson, or either or both of them hereinafter referred to simply as "Debtor," I hereby unconditionally guarantee to said American Bank and Trust Company in Monroe, Monroe, Louisiana, hereinafter referred to simply as "bank," its transferees or assigns, payment in full of any indebtedness, direct or contingent, secured or unsecured, of said Debtor to *694 said bank up to the amount of $10,000.00, which amount is also written Ten thousand and 00/100 Dollars, PLUS ALL INTEREST, ATTORNEY'S FEES, AND WHATSOEVER REASONABLE CHARGES AND FEES OF ANY KIND OR NATURE, WHETHER DUE OR TO BECOME DUE, AND WHETHER NOW EXISTING OR HEREAFTER ARISING....
It is expressly agreed that this continuing guaranty is absolute and complete, and that acceptance and notice of acceptance by bank are unnecessary, and they are hereby waived, and this continuing guaranty shall continue in force, until written notice of its discontinuance shall be delivered to one of the executive officers of bank; such discontinuance shall not affect my/our liability on any debts, and/or obligations of the debtor then existing nor the liability of any party under this agreement nor any extension or changes in any existing liability of debtor as permitted hereunder.
Keith filed an answer in which she affirmatively set forth that she executed the continuing guaranty agreement but only in connection with a loan of $10,000.00 to David and Linda Vinson which was made for them to open a business known as "Seventh Heaven". She alleged that it was the intent of all parties, including the bank and its loan officer, that she would guarantee only the $10,000.00 loan for the business, which loan was repaid in full.
Plaintiff moved for summary judgment against Keith. Keith filed an opposition to the motion which included her affidavit which states: Keith signed the continuing guaranty agreement dated April 27, 1984 but only in connection with the loan to David and Linda Vinson for the business venture known as "Seventh Heaven". All of the money was not loaned at the time of the signing of the continuing guaranty agreement and the agreement of the parties, including the bank, was that once all of the draws had been made in connection with the business loan, permanent financing arrangements would be made whereby Keith would endorse the permanent financing note in connection with the business venture and the continuing guaranty would terminate. Rather than confecting a permanent financing arrangement, the bank without her knowledge or consent loaned additional funds to Vinson for other purposes which she never intended to guarantee the payment. The original loan that she guaranteed was paid in large part, was refinanced, and payments were being made by Linda Vinson and a new obligee, W.A. Labeff.
The trial court granted the summary judgment in favor of plaintiff, finding that the strict written terms of the continuing guaranty agreement speak for themselves and could not be expanded by parol evidence.

I.
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Marzula v. White, 431 So.2d 858 (La.App. 2d Cir. 1983). The burden of proof in a motion for summary judgment is on the mover to establish that there are no genuine issues of material fact. This burden is a great one. A fact is "material" if its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Facts are "material" if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of a legal dispute. Cannon v. Insured Lloyds, 499 So.2d 978 (La. App. 3d Cir.1986).
Suretyship must be express and in writing. LSA-C.C. Art. 3038. A contract of guaranty is equivalent to a contract of suretyship and the two terms may be used interchangeably. Bank of Coushatta v. Patrick, 503 So.2d 1061 (La.App. 2d Cir. 1987) writ denied 506 So.2d 1231 (La.1987).
When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. LSA-C.C. Art. 2046. Testimonial or other *695 evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement. LSA-C.C. Art. 1848.
There is a disparity in result in cases involving the parol evidence rule. See Comment, Parol Evidence in Louisiana, 47 Tul.L.Rev. 381 (1973).
Plaintiff contends that parol evidence should not be admitted in this case where the contract is clear and unambiguous. Plaintiff cites and our research reveals cases in which parol evidence was not allowed under similar circumstances. Ferrell v. South Central Bell Telephone Co., 403 So.2d 698 (La.1981); Hartford Accident and Indemnity Co. v. Louisiana Minority, Inc., 522 So.2d 1154 (La.App. 4th Cir.1988); Merchants Trust & Savings Bank v. Olano, 512 So.2d 1218 (La.App. 5th Cir.1987); Whitney National Bank v. Palermo, 505 So.2d 95 (La.App. 4th Cir. 1987); Early v. Gravois Louisiana Dredging Co., Inc., 503 So.2d 553 (La.App. 4th Cir.1987); Bank of Coushatta v. Patrick, supra; Whitney National Bank of New Orleans v. Badalamenti, 499 So.2d 1267 (La.App. 4th Cir.1986); Hardware Wholesalers, Inc. v. Guilbeau, 473 So.2d 108 (La.App. 3d Cir.1985); Gifford-Hill & Company, Inc. v. Graves Construction, Inc., 316 So.2d 502 (La.App. 2d Cir.1975). These cases hold that according to LSA-C. C. Arts. 1848 and 2046 (and their predecessor articles) parol evidence is inadmissible to vary or contradict the unambiguous language of a written instrument.
Defendant contends that parol evidence is admissible under the circumstances of this case and that this evidence precludes a summary judgment since genuine issues of material fact are in dispute.
Defendant cites and our research reveals cases where parol evidence was allowed under similar circumstances. Scafidi v. Johnson, 420 So.2d 1113 (La.1982); Gulf States Finance Corp. v. Airline Auto Sales, Inc., 248 La. 591, 181 So.2d 36 (1965); Parlay Enterprises, Inc. v. R-B-Co, Inc. of Bossier, 504 So.2d 660 (La.App. 2d Cir.1987) writ denied 508 So.2d 819 (La. 1987); Bank of Coushatta v. Patrick, supra; Earl Williams Construction Company, Inc. v. Thornton & Brooks, Inc., 501 So.2d 1037 (La.App. 2d Cir.1987) writ denied 504 So.2d 881 (La.1987); First State Bank & Trust Company of East Baton Rouge Parish v. Seven Gables, Inc., 501 So.2d 280 (La.App. 1st Cir.1986) writ denied 502 So.2d 103 (La.1987); Succession of Jones, 486 So.2d 1124 (La.App. 2d Cir.1986) writ denied 489 So.2d 249 (La.1986); Louisiana Paving Company, Inc. v. State Department of Transportation and Development, 431 So.2d 52 (La.App. 1st Cir.1983) writ denied 440 So.2d 735 (La.1983); Staten v. Security Industrial Insurance Company, 414 So.2d 1328 (La.App. 2d Cir. 1982); Valhi, Inc. v. Zapata Corp., 365 So.2d 867 (La.App. 4th Cir.1978). These cases hold that parol evidence is admissible to show fraud, mutual mistake or error; to reform an instrument where a party alleges that the instrument does not correctly set forth the agreement mutually intended by the parties; and to show that the written instrument was only a part of a broader oral agreement.
In this case there are obviously genuine issues of fact as to the true or entire agreement and intent of the parties. The materiality of the factual issues on the outcome of the case depends upon whether parol evidence is admissible to support defendant's position; if not, plaintiff is entitled to judgment as a matter of law on the instrument as written and the undisputed facts of unpaid and past-due loans made by plaintiff to Vinson.
Without attempting to resolve the seemingly conflicting jurisprudence, we determine that in the interest of justice parol evidence should be allowed under the circumstances and defenses asserted in this case to establish mutual mistake and error, a vice of consent under LSA-C.C. Arts. 1948 et seq., in that the continuing guaranty agreement does not accurately reflect the agreement and intent of the parties.
Accordingly, there are genuine issues of material fact and plaintiff is not entitled to summary judgment as a matter of law.

*696 II.
After the hearing on the motion for summary judgment the trial court rendered judgment in favor of plaintiff and against defendant Keith, in solido with Vinson, for the amounts due on two notes signed by Vinson, one dated April 25, 1985 and the other dated December 12, 1986.
Keith contends that the trial court erred in rendering a judgment against her in both sums since plaintiff's petition only alleged that she guaranteed the second note. This issue is apparently raised for the first time on appeal.
The original prayer of plaintiff's petition requested judgment against Keith on both promissory notes and the affidavit of correctness attached to the petition refers to both notes, thereby giving defendants fair notice as to the substance of the suit. Plaintiff may, however, on remand amend its petition to more clearly express its demands.

III.
The summary judgment in favor of plaintiff is reversed and set aside and the case is remanded for further proceedings. Costs of this appeal are assessed to plaintiff.
Reversed and remanded.