GAUDIN, Judge.
Appellant is the Greater Lakeside Corporation, which filed suit in the 24th Judicial District Court for breach of a lease. Named defendants were Colours Restaurant, Inc. and Mr. and Mrs. Augustin Lopez.
By judgment of October 31, 1990, an exception of no cause of action filed by Lopez was maintained. Lopez contended that he had executed the lease only as agent for Colours Restaurant, Inc. and that he was not personally accountable.
*401 It appears, from an examination of the record, that the trial judge was correct; accordingly, we affirm.
Attached to and made part of this opinion is the last page of the lease agreement, page 8. The document, which was prepared by the corporation, was signed twice by Lopez. The first time, he signed the lease itself as agent for Colours Restaurant, Inc.; the second time, he signed the guarantor clause individually as agent for Colours Restaurant, Inc., reference the exhibit.
The corporation argues that Lopez’s signature in the guarantor section makes him answerable as an individual. However, when the exception was argued, there was no showing that Lopez individually bound himself in any fashion, that either he or the corporation intended him to be personally bound, that he exceeded his authority or that he deceived the corporation. Also, there was no contention that the parties to the lease meant for Lopez to be individually responsible. Instead, the corporation relies solely on the lease document and Lopez’s signature under the guarantor paragraph.
Appellant’s primary argument before the trial judge was that the restaurant was already bound by the terms of the lease and that it was therefore meaningless for the restaurant to sign as guarantor of and for itself. The corporation cited American Bank & Trust Co. v. Wetland Workover, Inc., 523 So.2d 942 (La.App. 4 Cir.1988), writs denied at 531 So.2d 282 (La.1988). In that case, corporate officers who signed as guarantors were held individually liable although corporate positions were designated under each name.
There was evidence in the American Bank decision that personal endorsements of the principals were to be and were in fact obtained. The principals provided the lending bank with personal financial statements and they listed this debt as a personal, contingent liability when they applied for additional loans at other banks. The American Bank court, at page 945, said:
“The capacity in which a party executes a document is largely a matter of that party’s intention as determined from the circumstances surrounding the transaction.”
In Lopez’s case, there is absolutely no evidence indicating that he intended to sign, or that the corporation meant for him to sign, in his individual capacity.
If there is any ambiguity or incompleteness within the four corners of the lease’s last page, Lopez can’t be held responsible. The document was prepared by the corporation, not by him, and there was no parole evidence offered to explain any uncertainty.
We do not know, of course, why the restaurant apparently was permitted to sign, through its agent, as a guarantor of its own liability under the terms of the lease. The trial judge said, in discussing the American Bank situation:
“... in that case, in addition to the signatures on the document, there were six or seven other factors which certainly indicated the intent of the parties to be bound individually, including their personal financial statements, and many other things. None of those factors exist here. I am looking at page 8, and that is all I have got to look at. I don’t have any of the other type of indications that we have in the Wetland case. Personal guarantee was required, personal financial statements were submitted, loan committee minutes. Talked about personal guarantees. I don’t have any of those things available to me to further argue or indicate, or give me anything to hang my hat on as to what the intent of the parties were. All I have is page 8, and that is it.”
And that is not enough. We affirm, with the Greater Lakeside Corporation to bear costs of this appeal.
AFFIRMED.
*402 APPENDIX
[[Image here]]