616 So.2d 255 (1993)
HOMER NATIONAL BANK, Plaintiff-Appellee,
v.
SPRINGLAKE FARMS, INC., James K. Hays and Susan T. Hays, Defendants-Appellants.
No. 24604-CA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1993.
Rehearing Denied April 29, 1993.
Goff, Caskey, Davis & Fallin by H. Russell Davis, Arcadia, for defendants-appellants.
*256 Newell & Newell by Daniel W. Newell, Homer, for plaintiff-appellee.
Before SEXTON, STEWART and WILLIAMS, JJ.
STEWART, Judge.
Plaintiff, Homer National Bank, sued defendants Springlake Farms, Inc. and James K. Hays, on a promissory note which Hays had executed as president of Springlake Farms. Hays had also signed underneath a guaranty on the back of the note. The trial court rendered judgment in favor of plaintiff and against both defendants. Hays appeals, asserting that he did not personally endorse the note and is therefore not personally liable to plaintiff. We affirm.

FACTS
On March 7, 1985, James K. Hays, as president of Springlake Farms, Inc. executed promissory note number 6674 promising on behalf of the corporation, Springlake Farms, Inc. to pay to the order of Claiborne Bank and Trust Company the sum of $88,834.85 together with interest thereon at 13.5% per annum being due on March 7, 1986. On the back of promissory note 6674 appears the following:

The note was not paid by Springlake Farms, Inc. on the 1986 due date.
In 1988, Claiborne Bank was closed by the Office of Financial Institutions of the State of Louisiana. The assets of Claiborne Bank were transferred by the Federal Deposit Insurance Corporation to Homer National Bank.
Plaintiff, Homer National Bank, filed suit on August 23, 1989 seeking judgment against Springlake Farms, Inc. and James K. Hays and Susan T. Hays, individually. Plaintiff asserted that Hays' signature on the back of promissory note number 6674 constitutes a personal endorsement or guaranty by James K. Hays and also that said endorsement bound Susan T. Hays, individually, because said debt was incurred for the benefit of the community of acquets and gains existing between Susan T. Hays and James K. Hays.
Defendants, James and Susan Hays, initially answered that the signatures on note number 6674 were forgeries. After analysis by handwriting expert Robert Foley, James Hays stipulated that the signatures were his.
The parties to the suit stipulated that (1) judgment will be rendered against Springlake Farms, Inc. as prayed for by plaintiff, and (2) should a judgment be rendered against James K. Hays and Susan T. Hays, individually, said judgment would only be enforceable against Susan T. Hays to the extent of her interest in community property and not against her separate property.
After trial on February 10, 1992, the trial court found that the only reason for the endorsement on the back of the note was as a personal endorsement. The trial court rendered judgment in favor of plaintiff and against defendants Springlake, James K. Hays, and Susan Hays (to the extent of her interest in the community of acquets and gains). Defendant James K. Hays appeals the trial court judgment against him and in favor of plaintiff, asserting that he did not *257 personally endorse or guaranty the note number 6674.

LEGAL PRINCIPLES
Signatures to an instrument are not mere ornaments. Parlay Enterprises, Inc. v. R-B-Co., Inc. of Bossier, 504 So.2d 660 (La.App. 2d Cir.1987), writ denied, 508 So.2d 819 (La.1987); Boullt v. Sarpy, 30 La.Ann. 494, 495 (1878); and Tweedel v. Brasseaux, 433 So.2d 133 (La.1983). A notation of corporate position on the guaranty may be merely a title identification instead of a signature in a representative capacity. See American Bank & Trust Co. of Houma v. Wetland Workover, Inc., 523 So.2d 942 (La.App. 4th Cir.1988), writs denied, 531 So.2d 282 and 531 So.2d 283 (La.1988); see also, Fidelity National Bank of Baton Rouge v. Red Stick Wholesale Music Distributors, Inc., 423 So.2d 15 (La.App. 1st Cir.1982).
LSA-R.S. 10:3-403(2)(b) provides that:
(2) An authorized representative who signs his own name to an instrument
....
(b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.
The provisions of this subsection set forth a rebuttable presumption between the immediate parties that the representative who signs his name in a representative capacity but does not name the person represented is personally obligated on the instrument. Fidelity National Bank of Baton Rouge, supra.
Our brethren of the Fourth Circuit used the following language in American Bank & Trust Co. of Houma v. Wetland Workover, Inc., supra:
Moreover, to construe the signatures as indicating that the guarantors executed the guarantees in their corporate capacity, thus binding only the corporation, would render the documents meaningless. Under the terms of the mortgage and note prepared for the Wetland loan, Wetland was already bound to pay back the loan proceeds. If the guarantors had signed guarantees in a representative capacity for Wetland, the corporation would be guaranteeing an obligation for which it was already bound, rendering the guarantees worthless. See American Casualty Co. v. Howard, 175 So.2d 355 (La.App. 4th Cir.1965). Unlike Hartford Accident & Indemnity Co. v. Louisiana Minority, Inc., 522 So.2d 1154 (La.App. 4th Cir.1988) where the challenged writing had effect by its terms, here the mortgage note and the guarantees must be interpreted together and in a manner which will make the loan transaction effective and meaningful. La.Civ.Code art. 2049.
....
The capacity in which a party executes a document is largely a matter of that party's intention as determined from the circumstances surrounding the transaction. [citation omitted] In the case at bar, the intent of the parties is necessary to give effect to the documents which would otherwise have no relevance if the defendants' argument was [sic] accepted by the court. We note, however, that there may be cases where the court need not consider intent, e.g. if the notes could be given a logical and meaningful effect by its [sic] own terms.
As a matter of policy, the stability of contracts and the very purpose of the parol evidence rule would be defeated if a signatory to an unambiguous, notarized writing could be permitted to contradict the terms of the agreement by parol evidence of his subjective intent, especially where the alleged misrepresentation could have been resolved by a simple reading of the document. Hartford Accident and Indemnity Co. v. Louisiana Minority, Inc., 522 So.2d 1154, 1157 (La.App. 4th Cir.1988), writ denied, 523 So.2d 1339 (La.1988).
However, parol evidence is admissible to rebut the presumption of the representative's *258 personal liability; that is, to show that personal liability was not intended by his signature. Comment 3, LSA-R.S. 10:3-403. The representative who signs without naming the person represented has the burden of showing that his personal liability was not intended by his signature. Fidelity National Bank of Baton Rouge, supra.

DISCUSSION
Appellant James K. Hays argues that he carried the burden of rebutting the presumption of his personal liability through his own testimony and other documentary evidence. At trial, Hays testified that he had no intent to personally endorse or guaranty the note and that he was not asked to do so. Hays contends that he merely signed the back of the note as president of Springlake Farms, Inc., the same way he signed the front.
J.D. St. Clergy was the president of Claiborne Bank & Trust in 1985 and was the officer assigned to this note. St. Clergy testified that it was the bank's policy to require a personal endorsement on loans by corporate entities. Although he did not recall whether he requested Hays' personal guaranty or endorsement, he also did not recall making any exceptions to this policy at Claiborne Bank & Trust.
When asked about his response to the initial pleadings, in which he denied that he signed the note and asserted that his signature was a forgery, Hays testified that his memory of events attendant to signing the note was better at some times than at others. He said that his memory had improved over time since the suit was filed against him and that he remembered a lot during the trial.
Hays highlights the bank's loan disbursement authorization form which shows no guarantor, partner, cosigner, or endorser for this promissory note. However, St. Clergy testified that this form is incomplete. On the other hand, Hays' personal financial statement, dated August 16, 1984 and prepared by Production Credit Association (PCA), bears his signature and includes this promissory note among his personal liabilities. Hays testified that he did not provide this information to PCA, and that he did not review the financial statement prior to signing it. We note that, in American Bank & Trust Co. of Houma v. Wetland Workover, Inc., supra, the inclusion of a corporation's debt on the personal financial statement of the corporate representative was a key factor in the Fourth Circuit's affirmance of the representative's personal liability on the note.
In Greater Lakeside Corporation v. Colours Restaurant, Inc., 581 So.2d 400 (La.App. 5th Cir.1991), reversed and remanded, 586 So.2d 521 (La.1991), the trial court sustained an exception of no cause of action filed by the signor to a lease who claimed his signature was as agent for the corporation and not as an individual. The Fifth Circuit Court of Appeal affirmed, but the Louisiana Supreme Court reversed and remanded the case for further proceedings. The essence of the reversal was to require full evidentiary development of the intent issue and the circumstances related to the note's execution.
Where the personal or representative nature of a signature is unclear upon examination of the document, parol evidence is admissible to show the parties' intent. There were no facts before the trial court about the parties' intent in Greater Lakeside Corporation, supra, other than the signature page of the lease on which the agent signed once, as guarantor, both "Individually" and "As Agent for Colours Restaurant, Inc.". By contrast, the instant record contains testimony and other evidence from which the trial court could make the factual determination of the parties' intent.
The instant trial court rendered judgment in favor of plaintiff. The trial court relied upon Associates Finance, Inc. v. Supreme Construction Co., Inc., 211 So.2d 349 (La.App. 4th Cir.1968) in its determination that there was no reason for Hays to sign the guaranty on the back of the note, other than to personally endorse or guaranty the corporation's obligation. The trial court made no specific findings of *259 fact and did not address the issue of the parties' intent. Under these circumstances, as a reviewing court, we view the evidence in a light most favorable to the appellee and the affirmance of the judgment. Solar Supply, Inc. v. Camp's Heating and Air Conditioning, Inc., 408 So.2d 968 (La.App. 2d Cir.1981); Ford Motor Credit Co. v. Diffey, 378 So.2d 1032 (La.App. 2d Cir.1979), writ denied, 381 So.2d 508 (La.1980). Implicit in the trial court judgment is a resolution of the credibility issues against appellant. Also inherent in the trial court judgment is an acceptance of St. Clergy's testimony regarding Claiborne Bank & Trust's corporate loan policy, and a rejection of Hays' contentions.
Based on the R.S. 10:3-403 rebuttable presumption and the credibility determinations which the trial court implicitly resolved against appellant, we find no error in the trial court's judgment. The record does not preponderate against the 10:3-403(2)(b) presumption. Based upon the particular facts of this case, we find that the title "Pres" after Hays' signature, without indication of the principal, is merely descriptive and, under 10:3-403, Hays is personally liable. See Duncan v. Gill, 227 So.2d 376, 384 (La.App. 4th Cir.1969), writs denied, 255 La. 338-41, 230 So.2d 834-35 (1970); Fidelity National Bank of Baton Rouge, supra.
For the foregoing reasons, the trial court judgment is affirmed at appellant's costs.
AFFIRMED.

APPLICATION FOR REHEARING
Before SEXTON, NORRIS, BROWN, STEWART and WILLIAMS, JJ.
Rehearing denied.