|! GUIDRY, CMef Judge.
This is an appeal of a summary judgment rendered in a personal injury suit. Defendant/cross-claim defendant, C-D Utility Construction Company (CD), appeals the trial court’s summary judgment rendered in favor of defendant/cross-claim plaintiff, South Central Bell Telephone Company (SCB).
SCB and CD entered into an agreement, styled “Master Contract for Buried Service Wire”, on June 8, 1990 to cover the term from July 5, 1990 to July 4, 1993. Plaintiff, Walter Vernon, allegedly tripped on an unburied cable on October 5, 1991 and thereafter filed this suit joining SCB and CD as defendants. Thereafter, SCB_|¿filed a cross-claim against CD for indemnity and defense. The trial court denied SCB’s motion for summary judgment on SCB’s claim against CD for contractual defense and indemnity provided for by article nine of the contract but, granted summary judgment in favor of SCB finding that CD breached article ten of the master contract by failing to list SCB as an “other named insured” on CD’s general liability insurance policy. CD appealed.
The sole issue on appeal is whether the granting of summary judgment on the breach of contract claim was proper. For the following reasons, we reverse, finding that summary judgment was improperly granted.

FACTS

At the time of Vernon’s injury, the master contract between SCB and CD was in effect. It is undisputed that a temporary cable was placed above the ground by an SCB cable repair technician, Roland Viguerie, on October 1, 1991. He then filled out a “buried wire request” form and gave the form to SCB personnel in his local office for processing and forwarding to CD. CD received the request either on that day or the next day by facsimile transmission. It is also undisputed that CD routinely and customarily completed the work requested within seven to ten days of receipt of a request. According to its records, CD buried the telephone wire on October 7, 1991, two days after plaintiff allegedly fell and was injured.
On September 10, 1992, SCB filed a cross-claim against CD and its insurers, Employers Fire Insurance Company and Commercial Union Insurance Company, seeking a defense from the claim and indemnity for any damages and costs pursuant to article nine of the master contract. That article provides, in pertinent part, as follows:
LOSSES — CONTRACTOR’S INDEMNITY OF TELEPHONE COMPANY
|8(a) The Contractor shall save harmless the Telephone Company, its directors, officers, employees and agents, from, and indemnify it and them against, all claims and suits for loss, injury or damage to any person or property whatsoever, including death, which may arise in or result from the performance of the work covered by this Contract ... and will defend on behalf of the Telephone Company ... any suits jointly against the Telephone Company ... and the Contractor ... or against the Telephone Company alone ... for or arising out of any or all of the aforesaid causes, (emphasis ours)
On August 3,1993, SCB filed its motion for summary judgment on the defense and indemnity ground and, also, on the ground that CD breached article ten of the master contract by failing to name SCB as an “other named insured” on the liability insurance policy obtained by CD. Article ten provides, in pertinent part, as follows:
LIABILITY INSURANCE
The Contractor shall at his own expense take out and at all times during the performance of the work hereunder maintain such public, contingent, and employer’s liability insurance as will protect the Contractor and the Telephone Company from ... claims for damage for personal injury ... which may arise in or result from the performance of the work covered by this Contract, (emphasis ours)
The trial judge determined that, at the time of plaintiffs injury, CD was not performing any “work”, as such is contemplated under the contract, at the site in question. He therefore denied SCB’s motion based on *628 article nine. However at the same time, the judge found that CD had, in fact, failed to name SCB as an “other named insured” as required by article ten. For this reason, the court granted summary judgment finding a breach by CD of article ten of the contract.

OPINION

CD asserts on appeal that the trial court erred in granting summary judgment on the breach of contract issue. It argues that the court’s conclusion is inconsistent with its decision on the defense and indemnity issue.
In Penalber v. Blount, 550 So.2d 577, 583 (La.1989), our Supreme Court | reviewed the pertinent rules applicable to summary judgment cases as follows:
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to summary judgment as a matter of law. LSA-C.C.P. art. 966; Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). Summary procedure should be used cautiously and sparingly; any reasonable doubt should be resolved against mover in favor of full trial on the merits. Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Co., 427 So.2d 1152 (La.1983); Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980). Moreover, it is rarely appropriate for a determination, based on subjective facts such as intent, motive, malice, knowledge or good faith. Johnson v. Hitchens, 518 So.2d 1154 (La.App. 4th Cir.1987), reh den.
The burden of proof is on the mover to establish there are no genuine issues of material fact. A “fact” is material if its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Facts are “material” if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute. The burden is exacting. American Bank & Trust Co. v. Vinson, 528 So.2d 693 (La.App. 2d Cir.1988).
In evaluating the proof presented, the court must closely scrutinize the papers supporting the mover’s position while the opposing papers are to be indulgently treated. Durrosseau v. Century 21 Flavin Realty, Inc., 594 So.2d 1036 (La.App. 3rd Cir.1992).
The record reveals that, in fact, CD failed to name SCB as an “other named insured” in the liability policy purchased by CD to cover the period from June 15, 1991 to June 15, 1992. This fact, however, must be scrutinized with reference to the master contract, specifically the types of claims which the parties contemplated as necessitous of liability insurance coverage. The key inquiry pursuant to article ten of the master contract is whether plaintiffs injury arose in or resulted from the performance of work by CD covered by the master contract. If so, then the failure to |sname SCB as an “other named insured” is a material breach of contract. If not, then such failure is an irrelevant and immaterial fact considering that insurance was deemed necessary by the parties to protect them from personal injuries arising in or resulting from the performance of work under the contract.
The record indicates that, at the time of plaintiffs fall, CD personnel had only attempted to locate the residence at which the temporary, above ground wire was placed by the SCB technician. They were unable to locate the residence. This fact was admitted by Willie Dartest, SCB’s installation and maintenance supervisor, in his deposition. Whether this effort constitutes “work” by CD under the master contract is unresolved and, apparently, still in dispute. In brief, CD claims that, as found by the trial court in oral reasons, CD had not begun performing work at the time of the alleged injury. Contrarily, SCB contends that work by CD had begun and that CD even judicially admitted said fact in a “response to request for admissions”. A review of that document reveals that CD admitted that it “attempted to bury the temporary drop wire prior to the alleged accident ... ”. Clearly, whether plaintiff’s injury arose in or resulted from work performed by CD under the master contract is a disputed issue of fact. This factual dispute, *629 being material, summary judgment is precluded.
We observe that, the result of SCB’s motion on both grounds must necessarily be the same. This is so because, in each instance, both articles relied upon by SCB contain the same qualifying language which prompts a single inquiry, i.e., whether plaintiffs alleged personal injury arose in or resulted from work performed under the contract. The resolution of this issue, under the particular facts and circumstances alleged in this case, is determinative of whether defense and indemnity as well as insurance are owed to SCB by CD.
|6For these reasons, the trial court judgment is reversed and this matter is remanded to the trial court for further proceedings consistent with the views expressed. All costs of this appeal are to be paid by cross-claim plaintiff/appellee, South Central Bell Telephone Company.
REVERSED AND RENDERED.